47  291
85  166

[No. 2,528.]

## GILBERT HOWELL v. MICHAEL ROGERS, P. HEFFRON, PETER DRURY, JOHN THOMPSON, JOHN MURRAY, AND RICHARD SAVAGE.

POSSESSION UNDER VAN NESS ORDINANCE.—Possession of a lot in San Francisco within the limits covered by the Van Ness Ordinance, by a fence of posts and wires, four wires passing through each post, the fence being sufficient to turn cattle, but not goats and hogs, is sufficient to entitle the possessor to the benefit of the Van Ness Ordinance.

PLEADING SPECIAL STATUTES OF LIMITATIONS.—A defendant who claims the benefit of an Act for the limitation of actions, which applies only to a particular class of cases, must plead it specially. A plea of the general Statute of Limitations is not sufficient.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Ejectment to recover fifty-vara lot, 1,476, in the city and county of San Francisco. The answer set up the Statute of Limitations, as follows:

"For a further and separate answer defendant says, that neither the said plaintiff, nor his ancestors, predecessors or grantors, were seized or possessed of the premises in the said complaint described, or any part thereof, at any time within five years before the commencement of this action.

"For a further defense herein, the said defendant says that he and those under whom he claims, have had continuous, quiet, peaceable and undisturbed possession of the premises in the complaint described, and of every part thereof, holding the same under good and valid title ad-

versely to the said plaintiff, his ancestors, predecessors or grantors, and to all the world, for more than five years prior to the commencement of this action."

The Hawes Limitation Act, mentioned in the opinion, provided, that in any action which shall be commenced more than one year after this Act takes effect for the recovery of real property in the city and county of San Francisco, none of the provisions of the Act concerning the city of San Francisco, and to ratify and confirm certain ordinances of said city, passed March 11th, 1858, and none of the provisions of the ordinances therein recited, shall be deemed to have any effect, or give or confirm the right or title claimed by any party, unless such party, his ancestor, predecessor, or grantor, shall have had possession within five years before the commencement of the action. The defendants went into possession of the premises in 1861. The action was commenced in 1868.

The evidence showed that the premises in suit had been inclosed in 1850 by the plaintiff's grantors; that the fence was made of posts and wires—four wires put through each post; that it would not turn goats and hogs but would turn large cattle; that the plaintiff's grantors built an observatory within the fence, which became a place of public resort and a space was opened in the fence for a carriageway; that the fence was sometimes broken down in places and was generally repaired. The plaintiff bought the premises on the 17th day of February, 1859. The case was tried by the Court without a jury. The defendant Thompson moved for a nonsuit, which was denied. The other defendants were defaulted. Judgment was rendered for the plaintiff; the defendant Thompson moved for a new trial; the motion was denied, and he appealed from the judgment and from the order denying his motion for a new trial.

The other facts are stated in the opinion.

*E. A. Lawrence,* for the Appellant, argued that the plaintiff's possession was not sufficient to entitle him to the benefit of the Van Ness Ordinance, and cited *Polack* v. *McGrath,* 32 Cal. 15; *Wolf* v. *Baldwin,* 19 Cal. 306; *Borel* v. *Rollins,*

30 Cal. 408; *Hutton* v. *Schumacker*, 21 Cal. 453. He also argued that the action was barred by the Hawes Limitation Act, and cited *Brooks* v. *Hyde*, 37 Cal. 367.

*Pringle & Pringle,* for the Respondent.

The local limitation act was not pleaded in the answer. The Act, being a statute of limitations, must be specially pleaded. The plea of the general statute of limitations is not a plea of this Act, which operates only on a special class of titles, and, under the analogy of all statutes of limitation, must be specially pleaded, or is held to be waived. A plaintiff is entitled to notice of the limitation which is asserted against him, or he may rely on the waiver.

By the Court, CROCKETT, J.:

The grounds relied upon by the defendants for a reversal of the judgment are—first, that the plaintiff did not prove such a possession in himself or his grantors as to entitle him to the benefit of the Van Ness Ordinance; second, that the action was barred by the act of March 5th, 1864, commonly known as the " Hawes Limitation Act." (Statutes 1863–4, p. 149). On the first point it will suffice to say that it is untenable. The proof established a sufficient possession in the grantors of the plaintiff to entitle them to the benefit of the ordinance. The second point is also untenable. If the defendant intended to rely upon the act of March 5th, 1864, as a defense, he should have pleaded it specially. The act applies only to a particular class of cases; and a defendant who claims its protection, must set it up as a defense in his answer, or he will be deemed to have waived it. In such cases a plea of the general statute of limitations will not suffice.

Judgment affirmed. Remittitur forthwith.

Mr. Chief Justice WALLACE did not express an opinion.