## MARY L. LAMBERT AND RUDOLPH LAMBERT

### v.

## FRANCES HYERS.

*Foreclosure of Trust Deed—Parties—Practice—Evidence.*

1. In a suit in chancery to foreclose a trust deed in the nature of a mortgage, the grantee in such deed, in whom the legal title is vested, is an indispensable party.

2. If such grantee is dead, such fact must be brought into the bill either by way of amendment or supplement, and it should be supported by evidence. A mere recital of the fact in the decree is insufficient.

3. Upon the death of the original trustee, his successor, if any, should be made a party to the proceedings.

4. In the case presented, it is *held:* That the evidence on the issue of payment of the note secured by the trust deed, while closely conflicting, shows no such preponderance in favor of the defendants as would justify a reversal of the decree on that ground.

[Opinion filed June 28, 1887.]

IN ERROR to the Circuit Court of Cook County; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. C. M. HARDY, for plaintiffs in error.

Mr. GEORGE C. CHRISTIAN, for defendant in error.

McALLISTER, P. J.   This was a bill in chancery brought
February 25, 1884, by Frances Hyers against Mary L. and
Rudolph Lambert to foreclose a deed of trust made July 13,
1883, by said Lamberts, conveying land described therein to
Madison Beal as security for the payment by said Lamberts of
their promissory note for $3,500, payable to the plaintiff on or
before five years from said last mentioned date, with interest at
the rate of six per cent., payable semi-annually.   The trust
deed provided for the whole indebtedness becoming due upon
the failure to pay any part of the interest and contained the
powers in the trustee usually expressed in such deeds.

There was also this provision: "In case of the death,
resignation, removal from said Cook County or other inability
to act of said grantee, then George C. Christian of Cook
County is hereby appointed and made successor in trust herein,
with the like power and authority as is hereby vested in said
grantee."

Beal, the grantee, was named as a party defendant in the
bill and summons, but there was a direction of the plaintiff's
solicitor upon the summons not to serve him and he was not
served.   There was no allegation in the bill that Beal had
died, resigned, removed from the county, or become unable
to act as such trustee.   George C. Christian was made a party
defendant to the bill as originally filed, but there was nothing
on the face of the bill to show that he was a necessary or even
a proper party, and there was no amendment of that bill or any
supplementary bill filed.

The Lamberts filed answers setting up payment of the entire
indebtedness as a defense.   Issue was taken on that defense,
and the case heard by the chancellor upon oral testimony, who
found against it and entered a decree finding the amount due
and directing a foreclosure of the mortgage.   Upon that
decree the Lamberts bring error to this court.

We have read the evidence upon the question of payment
and find it closely conflicting, but there was no such prepon-
derance in favor of the defendants below as would justify us
in reversing the finding of the chancellor who had the wit-
nesses before him and therefore a better opportunity of judg-

ing of their credibility than we can have. Besides there are circumstances testified to by the Lamberts themselves which strongly tend to lead the impartial judicial mind to the conclusion that their story, about having paid and taken up the said note and then afterward losing it by reason of its destruction by a child, was a pure invention having no basis in truth, especially in view of the undoubted fact that the complainant had had said note all the time in her possession or under her immediate control, and produced, proved and fully established its identity on the hearing.

There is, however, such an error in the proceedings that we must reverse the decree for the purpose of correcting that error.

In a suit in chancery to foreclose a trust deed in the nature of a mortgage, the grantee in such deed, in whom the legal title is vested, is an indispensable party. Walsh v. Truesdell, 1 Ill. App. 126, and authorities there cited.

Beal was such grantee. As above stated he was named as party defendant in the bill, but was not served, and November 18, 1884, on motion of the plaintiff's solicitor, the bill was dismissed as to him without any reason being assigned. It is true that in the final decree it is recited that the bill had been theretofore dismissed as to said Beal because of his death. But the certificate of evidence purports to contain all the evidence in the case and that shows none as respects Beal's death.

If it be true that he has died, that fact must be brought into the bill by proper allegation, either by the way of amendment or supplement according to the time of its occurrence with relation to that of commencing the suit, and it should be supported by evidence, and then it should be further alleged and proved that George C. Christian had accepted the trust as successor to said Beal. If the latter has not departed this life he should be served with summons.

For the reason stated the decree below must be reversed and the cause remanded for the purpose of correcting and with directions to correct the error pointed out.

*Decree reversed.*

MORAN, J., took no part in the decision of this case.