## Alonzo H. Hayes and Charles F. Hayes v. Ernest Dale Owen et al.

1. PARTIES—*Trustees in Foreclosure Proceedings.*—An omission to make the trustee a party in a proceeding to foreclose a trust deed is fatal to the decree.

**Foreclosure**, of trust deed. Error to the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1897. Reversed in part and affirmed in part. Opinion filed March 15, 1897.

HENRY L. WALLACE, attorney for Alonzo H. Hayes, plaintiff in error.

LACKNER & BUTZ, attorneys for Charles F. Hayes, plaintiff in error.

ERNEST DALE OWEN, attorney for defendants in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is the case of a bill, with numerous amendments, filed by Alonzo H. Hayes to foreclose a certain trust deed in the nature of a mortgage, made by Charles F. Hayes to Adolph Loeb, trustee, to secure notes of said Charles F., amounting originally to $12,666.66, of which notes it was alleged that Alonzo H. owned a part.

The mortgaged land consisted of several acres, which it was stipulated by the trust deed might be subdivided, and provisions were made for releases of lots in the subdivision upon the payment of proportionate amounts of the mortgage indebtedness.

Owen, by purchase from Camp, the immediate grantee of Alonzo F., acquired title to certain of the lots, subject to a specified part of the mortgage indebtedness, which Camp had assumed and agreed to pay as a part of his purchase price; and he, Owen, and his wife, who were defendants to the bill, filed a cross-bill setting up certain claimed equities through which they insisted that the lots so purchased by him were no longer liable for any part of the indebtedness, or if they were, then that other lots covered by the trust deed, and still remaining in Charles F., should be first sold.

The master reported that Alonzo H. was entitled to a decree, in part at least, for what he claimed, and that Owen was indebted to a specified extent, and that the material allegations of the bill, amended bill and supplemental bill of Alonzo H. were supported by the proofs, and that his prayer should be granted.

We do not discover that the master made and reported any findings upon the cross-bill of the Owens.

We infer, although they do not appear, that exceptions to

the master's report were filed by the Owens.  At all events, it is recited in the decree that a motion to overrule exceptions filed by them came on to be heard, and that said motion was denied, and thereupon the "bill" of Alonzo H. was dismissed for want of equity.

The record is so confused that we will not attempt to elucidate it; there being a single point made that is fatal to any decree of foreclosure, and which can be passed upon without much reference to the record.

Adolph Loeb, the trustee, was not made a party to either the original, amended or supplemental bills, or to the cross-bill.  Such omission was fatal.  Lambert v. Hyers, 22 Ill. App. 616.

A few days before the final decree dismissing Alonzo H. out of court was entered, a decree was made upon the cross-bill of the defendants, Owen, declaratory of their right to have the lots remaining in Charles F. sold first, and ascertaining which lots they were, etc.  That decree must be reversed, under the assignment of errors by Alonzo F., for the reason that in the absence from the record of Loeb, the trustee, in whom the legal title to all the property is vested, an adjudication of such character was error.

The order, therefore, is that the decree of August 12, 1896, dismissing the bill of Alonzo H. Hayes be affirmed, but without prejudice to any further proceedings he may be advised to take, and the decree of August 8, 1896, declaratory of the rights of the defendants in error, Owen, under their cross-bill be reversed, and each party pay his own costs in this court.  Affirmed in part and reversed in part.