SIDNEY STEVENS IMPLEMENT COMPANY, A CORPORATION, APPELLANT, *v.* SOUTH OGDEN LAND, BUILDING & IMPROVEMENT COMPANY, A CORPORATION; SOUTH OGDEN WATER COMPANY, A CORPORATION; F. W. LA FRANTZ, JOHN PINCOCK, SIDNEY STEVENS, WILLIAM F. GARNER, JAMES A. STEPHENS, DAVID H. STEPHENS, JAMES BEUS, MARIAN BEUS, ANN BEUS, PAUL BEUS, MAGDALENE BEUS, MARY BEUS, JOHN BEUS, AND JAMES R. BEUS, RESPONDENTS.

FORECLOSURE OF TRUST DEED—NECESSARY PARTIES—SEC. 3517 R. S. 1898. OBJECTION FOR MISJOINDER—WHEN WAIVED—SEC. 2967 R. S. 1898. POWER OF SUPREME COURT UNDER ART. 8, SEC. 9, CONST.—REVIEW OF FACTS IN EQUITY CASE. DECREE OF FORECLOSURE—HOW SALE DIRECTED—APPLICATION OF PROCEEDS. ISSUE JOINED—AS TO WATER RIGHTS IN FORECLOSURE PROCEEDINGS—FINDING THEREUNDER. INTEREST SPECIFIED IN PROMISSORY NOTE—WHAT DECREE SHOULD ALLOW—COMPOUND INTEREST NOT ALLOWED—SEC. 1241 R. S. 1898. MODIFICATION OF DECREE—MOTION FOR—WHEN TOO LATE—SEC. 3005 R. S. 1898.

*Foreclosure of Trust Deed — Necessary Parties — Sec. 3517 R. S. 1898.*
Under the provisions of Sec. 3517 R. S. 1898 (Sec. 3474 C. L. U. 1888) the trustees in a deed of trust are not vested with any title, legal or equitable; they have no substantial interest; they cannot be affected by any decree in the case; and they are not necessary or indispensable parties to an action to foreclose the deed of trust.[1]

*Objection for Misjoinder—When Waived—Sec. 2967 R. S. 1898.*
An objection on account of a misjoinder of a party defendant

---

[1] *Dupre* v. *Rose*, 10 Utah, 305; *Thompson* v. *Cheesman*, 15 Utah, 51; *Peck* v. *Girard F. & M. Ins. Co.*, 16 Utah, 121.

is, under the provisions of Sec. 2967 R. S. 1898 ( Sec. 3225 C. L. U. 1888) waived unless raised by demurrer or answer.[1]

*Power of Supreme Court Under Art. 8, Sec. 9, Const.—Review of Facts in Equity Case.*

Although the Supreme Court has power under Art. 8, Sec. 9, of the Constitution, to review facts in an equity case, unless the evidence is clearly insufficient to sustain the findings, they will not be disturbed.[2]

*Decree of foreclosure—How Sale Directed—Application of Proceeds.*

Where foreclosure is sought upon certain land described in the complaint, and a cross-complaint is filed, asking foreclosure upon part of said land and asking priority, and foreclosure is granted on the cross-complaint and priority given, a decree ordering a sale of all the land described in the complaint, the proceeds to be applied first on the debt mentioned in the cross-complaint, and second on the debt mentioned in the complaint, should be so modified as to direct first, a sale of the land described in the cross-complaint and application of the proceeds on the debt therein mentioned, balance, if any, to be applied on the debt described in the complaint, and second, if the debts be not then fully satisfied, a sale of the property in the complaint described.

*Issue Joined—As to Water Rights in Foreclosure Proceedings — Finding Thereunder.*

Where, in a foreclosure on a trust deed, the instrument is by the terms of the complaint made part thereof, and said trust deed conveys all the real estate therein described, " together with all right, title and interest in and to all water rights to the use of water now appurtenant and used in connection with all of said described lands," and the answer of defendant mortgagor, in effect, fully denies the plaintiff's claim, under said trust deed to any of the water claimed by said defendant, an issue was raised as to the title to said water and a finding on that issue was responsive and was properly made by the trial court.

---

[1] *Turngren* v. *Henderson*, 9 Utah, 432.

[2] *McKay* v. *Farr*, 15 Utah, 261.

*Interest Specified in Promissory Note—What Decree Should Allow—Compound Interest Not Allowed—Sec. 1241 R. S. 1898.*

> In a decree of foreclosure on a trust deed, securing a promissory note which contains a stipulation, that the principal shall draw interest at the rate of 18 per cent. per annum until paid, both before and after judgment, under the authority of the provisions of Sec. 1241 R. S. 1898, which applies only to personal judgments, compound interest is not allowable and the decree should only allow interest on the principal at the stipulated rate to be paid out of the proceeds of sale.

*Modification of Decree—Motion for—When too Late—Sec. 3005 R. S. 1898.*

> A petition for a modification of the findings and decree and a motion for the same general purpose, made and filed more than nine months after the decree was made and entered, and after several regular terms of the trial court have expired, come too late under the terms of Sec. 3005 R. S. 1898 (Sec. 3256 C. L. U. 1888) and are properly denied.[1]

(Decided October 7, 1899.)

Appeal from the Second District Court, Weber county, Hon. H. H. Rolapp, *Judge.*

Action by plaintiff for a decree directing the sale of certain real estate described in a deed of trust executed by the defendant South Ogden Land, Building & Improvement Company, as security for the reimbursement of any sum which the other defendants might be obliged to pay on certain accommodations described in said deed of trust, which deed, together with the claim of defendant Sidney Stevens, had been assigned to this plaintiff. From a judgment for defendants, plaintiff appeals. *Modified.*

*Thos. Maloney, Esq.,* and *A. J. Weber, Esq.,* for appellant.

"Omission to make trustee a party in a proceeding to

---

[1] *Lees* v. *Freeman,* 19 Utah, 481.

foreclose a trust deed is a fatal omission." *Hayes* v. *Ovrum*, 69 Ill. App. 553; *Blackburn* v. *Clarke*, 1 Pickle (Tenn.) 506; *Helue* v. *Barnes*, 1 Lea. (Tenn.) 338; *Dunn* v. *Waggoner*, 1 Yerger, 59; *Gardner* v. *Brown*, 21 Wallace, 36; *Hayes* v. *Lewis*, 21 Wis. 663; Wiltse on Mortgages, Sec. 112; *Tucker* v. *Silver*, 9 Iowa, 261.

This general rule is recognized by the following authorities: Story Eq. Pl. Secs. 207, 209; 1 Daniel Ch. Pl. & Pr., Sec. 293; *McKinley* v. *Irvine*, 13 Ala. 681; *Cassady* v. *McDaniel*, 8 B. Monroe, 519.

"The acts of a party, whatever they may be, will not estop him to deny fraud of which he was at the time ignorant, when claims under such fraud are attempted to be enforced by the guilty party or one having notice thereof." *Sinnett* v. *Moles*, 38 Iowa, 25.

Under the well settled rules of equity, it is a very narrow channel through which the well known doctrine of equitable subrogation can be invoked. Bispham's Equity, Sec. 337; *Mather* v. *Jenswold*, 32 N. W. 512; *Weidner* v. *Thompson*, 28 N. W. 422.

Subrogation will not arise in favor of a stranger, but only in favor of a party who, on some sort of compulsion, discharges a demand against a common debtor. Webster's Appeal (Sup. Ct. Pa.) 5 W. N. 486; Bispham's Equity, Secs. 27–335.

*L. R. Rogers, Esq.,* for Respondent David H. Stephens.

On the question of estoppel respondent invokes the salutary rule expressed in the well considered case of *McKay* v. *Farr*, 15 Utah, 261 (264). *Stahn* v. *Hall*, 10 Utah, 400; *Mining Co.* v. *Haws*, 7 Utah, 515; *Dooly Block* v. *Transit Co.*, 9 Utah, 31; *Whitesides* v. *Green*, 13 Utah, 341; *Wells* v. *Wells*, 7 Utah, 68.

A mortgagee has an unquestionable right to waive his priority in favor of a subsequent mortgagee; and this was what Sidney Stevens did, and he was moved to do it because the subsequent mortgagee's money would be paid over to him in satisfaction of the so called Armstrong note; and upon the trial he testified that at this time he "was awfully hard up for ready money." *Clason* v. *Shepherd*, 6 Wis. 366; *Taylor* v. *Wing*, 84 N. Y. 471; *Mutual L. Ins. Co.* v. *Sturgis*, 33 N. J. Eq. 328; *Poland* v. *Lamoille V. R. R. Co.*, 52 Vt. 144; *Darst* v. *Bates*, 95 Ill. 493.

Baskin, J.

This is an action in which the plaintiff, who is the appellant, prays for a decree directing the sale of certain real estate described in a certain deed of trust, executed by the defendant, the South Ogden Land, Building & Improvement Company, on the 13th day of March, 1893, and conveying said real estate to F. W. La Frantz, trustee, as security for the reimbursement of any sum which the defendants Sidney Stevens, S. C. Stephens, W. J. Stephens, and Paul Beus, or either of them, might be obliged to pay on certain accommodation notes, described in said deed of trust, executed by said defendants, at the request of said defendant company, for the sole use and benefit of said company, and which said deed of trust, together with the claim of the said Sidney Stevens for the sum which, the complaint alleges, he was obliged to pay on said accommodation notes (his co-makers of said notes having paid nothing thereon) was assigned by the said Sidney Stevens to the plaintiff.

The said defendant, David H. Stephens, in his answer, after denying certain allegations of the complaint, and making certain allegations, which, in the decision of the

case it is not necessary to specially mention, by way of cross complaint alleged that, on the 3d day of May, 1893, the defendant, South Ogden Land, Building & Improvement Company, executed and delivered to the defendants William F. Garner and James A. Stephens, a certain deed of trust, set out in said cross complaint, conveying to said Garner and Stephens, as trustees, certain real estate described in said deed to secure the payment of a promissory note for $4,344.85, with interest at the rate of eighteen per cent. per annum, from date until paid, both before and after judgment, and in case of suit for its collection, ten per cent. attorney's fees was to be paid, executed and delivered by said company to the defendant, David H. Stephens. Said deed of trust authorized the trustees therein named, or the survivor of either of them, their successors or assigns, in case default should be made in the payment of said note, upon the application of the payee of said note, or his assigns, to sell said real estate, or so much thereof as, in their discretion, they might find necessary to sell in order to accomplish the object of their said trust; that said trust deed was duly recorded in the office of the county recorder, Weber County, Utah; that said Wm. F. Garner is at present a non-resident of the State of Utah, and therefore unable to act and carry out the provisions of said trust deed; that no part of said note has been paid, and that there is due thereon the sum of '$4,344.85, with interest from May 3, 1893, at the rate of 18 per cent per annum; that a reasonable attorney's fee as provided in the said deed is $450; that plaintiff and all of the other defendants herein have or claim some interest in and to the premises mentioned in the said deed of trust, but that said interests are subject and subsequent to the mortgage and trust deed of this cross complainant.

The cross complaint also alleged the same facts as those

specified in the 7th, 8th and 9th findings hereinafter set out.

The fourth finding is as follows: "That the defendant William F. Garner, named in said deed of trust, as one of the trustees thereof, was at the time of the commencement of this action, ever since has been, and still is, a non-resident of the State of Utah, and by reason thereof is unable to act and carry out the provisions of said trust."

The said William F. Garner was named in the complaint as a party defendant to the suit, but was not served with summons and made no appearance. The said James A. Stephens was also named therein as a party defendant, and in connection with other defendants, answered the complaint. Neither of said trustees were made, in terms, parties to the cross complaint. No objection was made by the plaintiff and appellant, on the ground of a non-joinder of necessary parties, either by demurrer, or in the answer to the cross-complaint, or on motion for a new trial.

Notwithstanding the foregoing finding and the facts just stated, the appellant, for the first time, makes the objection, in this court, that the trust deed set out in the cross complaint cannot be foreclosed without the trustees named therein being parties to the action.

The leading case quoted by counsel for the appellant, in support of this objection is *Hays* v. *Owen*, 69 Ill. App. 553, which was an action to foreclose a trust deed. The trustee was not made a party to either the original, amended or supplemental bill, and the court on the authority of *Lambert* v. *Hays*, 22 Ill. App. 616, held that the omission was fatal.

In the latter case the court said: "In a suit in chancery to foreclose a trust deed in the nature of a mortgage, the

grantee in such deed, in whom the legal title is vested, is an indispensable party."

In *Gardner* v. *Brown*, 21 Wall. 36, Mr. Chief Justice Waite in the opinion said, "the bill prayed a foreclosure of the mortgage by sale of the land. This required the presence of the party holding the legal title. The complainant has only the equitable title. Walker held the legal title. The final determination of the controversy, therefore, required his presence."

In the case of *S. W. M. Tucker* v. *Silver*, 9 Iowa, 261, upon which much stress was laid by appellant's counsel, because the case was considered in the light of the Iowa Code, the court says: "The trustee holds the legal title in the thing demanded, and he must be before the court, says Mr. Daniels, page 259, 'on account of the impossibility of otherwise preventing the assertion of the legal right in courts of law.' And in all cases in which the legal estate is vested in the trustee, or if he has no estate, when the circumstances are such, that in the event of the success of the complainant, the defendant may have a demand over against him, the trustee is a necessary party. Daniels, 300. Has this rule been changed by the code? The legal title, now as heretofore vests in the trustee. Let us look then at the provisions which appellant claims, changed the rule." The court held that the rule was not changed.

In Sec. 307, Story's Equity Pleading, referred to by appellant's counsel, the reason of the rule is given in this language, "The trustees have the legal interest, and therefore they are necessary parties."

All of the other numerous citations of appellant's counsel are of like import, and like the authorities just quoted from, apply the rule only where the trustee is vested with the legal title, or possesses some beneficial interest in the trust.

In those jurisdictions where the common law rule, that a mortgage or a trust deed in the nature of a mortgage vests the mortgagee with the legal title, subject to the equity of redemption, has been modified so that no legal title passes by the mortgage, but that the mortgage is simply a lien on the real estate mortgaged, to secure the mortgagee or beneficiary of the trust, if the mortgage be in the form of a trust deed, the reason of the· rule announced by the authorities relied on by appellant fails, and in such jurisdictions the trustees are not necessary or indispensable parties to an action of foreclosure.

This court, in a well considered opinion, by Mr. Justice Bartch, in *Dupee* v. *Rose*, 10 Utah, 305, held, that, "A trust deed, given to secure a debt, containing the provisions usually found in such instrument, among which is the usual power of sale to be exercised by the trustee in the event of default in payment, is in effect a mortgage, and the beneficiary may sue in equity to foreclose the same, as the power of sale is merely cumulative to such right."

In support of this decision see *Thompson* v. *Marshall*, 27 Pac. 957 and numerous cases therein cited.

Sec. 3517 of the Revised Statutes, 1898, and Sec. 3474 Compiled Laws, 1888, (which are the same) provide: "A mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale."

This court held in *Thompson* v. *Cheesman*, 15 Utah, 51, that, under the provisions of said sections, a mortgage of real property does not vest its title in the mortgagee.

In the case of *Peck* v. *Girard F. & M. Ins. Co.*, 16 Utah, 121, this court announced the same doctrine. In that case, one Christofferson, after having procured a

policy insuring his house against fire, conveyed the land upon which the house stood by deed, absolute in form, but in fact, only for the purpose of securing the payment of an indebtedness of $500. The court held that the deed was in effect a mortgage, and Chief Justice Zane, in delivering the opinion said, "The deed did not pass the title. It simply created a lien on Christofferson's title and interest in the property to secure the debt."

Under the same provisions in the California Code, as the sections of our code before quoted, the supreme court of that state in numerous cases have uniformly held that a mortgage is a mere security and under it no estate in the mortgaged lands passes to the mortgagee, either before or after condition broken, but is regarded as a mere security, operating upon the property as a lien or encumbrance only. *Jackson* v. *Lodge*, 36 Cal. 39; *Dutton* v. *Warschauer*, 21 Cal. 609; *McGurrin* v. *Garrity*, 68 Cal. 566; *Harp* v. *Calahan*, 46 Cal. 222; *Grattan* v. *Wiggins*, 23 Cal. 16; *Bludworth* v. *Lake*, 33 Cal. 255; *Stewart* v. *Powers*, 98 Cal. 514.

In many of the other states the same rule prevails. *Thompson* v. *Marshall, supra,* and the numerous authorities therein referred to. Jones on Mortgages, Sec. 17 *et seq.*

The only duties imposed upon the trustees by the trust deed set out in the cross-complaint, are, that upon the happening of certain events therein mentioned, the trustees should, in the manner pointed out, proceed to sell the real estate mentioned in the deed and distribute the proceeds of the sale as therein directed. Notwithstanding the power of the trustees to sell said real estate in the manner prescribed, the defendant David H. Stephens, whose demand the trust deed was given to secure, had the right to resort as he has done to the remedy of foreclosure. *Dupee* v. *Rose*, 10 Utah, 305.

In the above case the trustee was not made a party, and in the opinion by Mr. Justice Bartch, it is said: "A power to sell contained in a trust deed, given as security for a debt, does not divest a court of chancery of jurisdiction to enforce the rights of the parties thereto; nor does it abridge the right of the party who receives such an instrument as security to resort to a court of chancery, instead of proceeding under the power. Such a power is merely cumulative, additional to that granted by law, and the person whose debt is secured may proceed under the power, or foreclose in the manner provided by law for the foreclosure of mortgages, in which latter case the grantor has the right to redeem same as under a mortgage." *Shelby* v. *Burtis*, 18 Tex. 644.

In *Case* v. *Preece*, 17 How. Pr. 348, it is held that where the trustees have no legal or equitable estate they are unnecessary parties.

In the case at bar the trustees are not vested with any title, legal or equitable; they have no substantial interest whatever in the matter, and cannot be injuriously affected by any decree in the case; therefore they are not necessary or indispensable parties.

In *Shelby* v. *Burtis, supra*, it is held that "the trustee is not deemed, in a suit by the creditor against the debtor to foreclose a deed of trust given by way of mortgage, an absolutely necessary party. But he is a proper party, and should be joined as such. * * * But if the creditor, instead of availing himself of his summary remedy of sale by the trustee, brings suit for foreclosure, the matter is taken out of the control of the trustee; his interest becomes nominal, and has no such force as would require the appellate court where it is for the first time presented, to set aside the proceedings of a protracted litigation, in order that he might be made a party, so as to be bound by the decree."

This court in *Turngren* v *Henderson*, 9 Utah, 432, held that under the provisions of Sec. 3225, Comp. Laws, 1888, which is the same as Sec. 2967 Rev. Stat. 1898, the objection on account of a misjoinder of a party defendant is waived if it is not raised by demurrer or answer.

Under a like section in the California Code the Supreme Court of that State have announced the same doctrine. *Heinlen* v. *Heilbron*, 71 Cal. 557; *Pavish* v. *Bean*, 48 Cal. 364.

As the trustees in the case at bar were not indispensable parties, the appellant waived all objections to the misjoinder complained of by failing to make objection on that ground in the court below. This being so, the finding relating to the absence of the trustee William F. Garner from the state is not material, and it is therefore unnecessary to decide whether the fact of his absence, had he been a necessary or indispensible party, furnishes a valid excuse for the failure to serve him with summons, in the manner prescribed by the code of civil procedure.

The trial court also made the following findings, to wit: " (7) The court further finds that at the time of the loaning, to wit, May 3, 1893, by the cross-complainant, David H. Stephens, to the defendant, the South Ogden Land, Building & Improvement Company, of the sum of $4,-344.85 in actual cash then and there loaned by him to it, and at the time of the execution and delivery of the note and trust deed mentioned in his cross-complaint on the same day, there was an outstanding note and trust deed of said company payable to James C. Armstrong, or order, which was then and there past due, and upon which trust deed the trustees therein mentioned were proceeding to foreclose the same by advertising the sale thereof in the Ogden Daily Standard, and the property of said company would have been sacrificed by such sale if the same

would have been permitted to proceed; and thereupon the said company duly acting through its Board of Directors, borrowed and received of and from the said David H. Stephens the said sum of money, and the same was advanced and loaned by the said David H. Stephens to the said company for the purpose of paying off and discharging the said note payable to said J. C. Armstrong, or order, and secured by the said deed of trust, and the said money of the said cross-complainant, to wit, the said sum of $4,344.85, was actually used by said company in paying off and discharging the said Armstrong note and trust deed.   (8) The court further finds that the money mentioned in the said so-called Armstrong note and trust deed was never the money of said J. C. Armstrong, but, on the contrary, was at all times the money of said Sidney Stevens, and the said Sidney Stevens merely borrowed the use of Mr. Armstrong's name in the transaction, and was causing and directing the sale of said mortgaged premises as aforesaid at the time said David H. Stephens loaned his said money and took the said note and trust deed as aforesaid, and that the said Sidney Stevens received the said money loaned by the said cross-complainant to said company in payment of the said so-called Armstrong note and trust deed.

(9) That at the time and before the said money was so advanced and loaned by the said cross-complainant, David H. Stephens, to the company, and before he had parted with his money, it was expressly represented to him by all the stockholders and directors of said company, including the said Sidney Stevens, that the lands belonging to said company, and which are fully set out in his aforesaid trust deed, were free and clear of all liens (except the lien given to secure the payment of the so-called Armstrong note) and that if he would loan the said company the said

sum of money, a trust deed would be executed by said company to secure him for the payment thereof, and that the lien thereby and therein given should be and would be a first lien upon the said property therein mentioned; and the court further finds that the said cross-complainant, David H. Stephens, actually relied upon the representations so made to him as aforesaid by said Sidney Stevens, and the said stockholders, and accordingly made said loan and advanced said money to said company for the use and purposes aforesaid, and without any knowledge whatever of Sidney Stevens having or claiming to have any lien whatever upon said premises or any part thereof."

No objection is made in plaintiff's brief to the 7th and 8th finding, but they throw light upon the 9th finding which is objected to on the ground that the same is not sustained by the evidence. All of the testimony touching this finding, consists of oral statements of witnesses and was conflicting. In such instances the trial judge having the witnesses before him can observe their deportment upon the stand, and is therefore in a better position to judge of their credibility and the weight of the evidence, than are the judges of the appellate court. For this reason, although the supreme court "has power, under Sec. 9, Art. 8 of the Constitution to review facts in an equity case," (*McKay* v. *Farr*, 15 Utah, 261) still, unless the evidence is clearly insufficient to sustain the findings, they will not be disturbed by the appellate court.

Such a practice in appellate courts, in chancery cases, is well established.

In the case at bar, although the evidence is conflicting, we are clearly of the opinion that it justifies said finding, and that the appellant is estopped from asserting any lien, under the trust deed described in his complaint, upon the real estate deeded to William F. Garner and James A.

Stephens to secure the said claim of the defendant and cross-complainant David H. Stephens, having priority to that of the said Stephens, upon said real estate, under the trust deed last mentioned.

It is evident that the said defendant, David H. Stephens, relied solely, upon said deed of trust to secure the payment of the $4,344.85 loaned by him and therefore the question, whether by subrogation he became possessed of the right which Armstrong had under the trust deed, of which he was the beneficiary, and which was made previous to the one set out in the complaint, and which question plaintiff discussed in its brief at length, is wholly irrelevant, and the record fails to show that the said Stephens makes any such claim.

The appellant further contends that the decree includes more land than is described in the cross-complaint of David H. Stephens.

The trial court further found that the defendant, South Ogden Land, Building & Improvement Co., executed the trust deed set out in the plaintiff's complaint, and that the same together with the claim secured thereby, were in January, 1897, assigned to plaintiff; that the trust deed mentioned in the cross-complaint was also executed by said company to secure the said David H. Stephens' said claim. The date of the trust deed, first referred to above, is March 15th, 1893, and the second one, May 3, 1893. As conclusions of law, the trial court found, "That the cross-complainant, David H. Stephens, is entitled to have the premises in his cross-complaint and in the findings herein mentioned, as being the property of the defendant, South Ogden Land, Building & Improvement Company, sold according to law and the practice of this court, and the proceeds of the said sale applied as follows, to wit:

"1. To pay to said cross-complainant the sum of $141.45, money advanced by him in payment of taxes under the agreement aforesaid, together with interest thereon from the date thereof until paid, at the rate of 12 per cent per annum.

"2. To have paid to him the sum of $7,972.79, together with interest thereon from the date hereof until paid, at the rate of 18 per cent per annum, upon the note mentioned in the first cause of action in his cross-complaint, and the further sum of $250, counsel fees for foreclosure, together with legal interest thereon from the date hereof until paid, and the costs of this action as the same may be taxed.

"3. And after the payment of the said sums, together with interest and costs, if there be any surplus of the proceeds of such sale remaining, then that the plaintiff be paid the sum of $4,622.95, together with legal interest on $523.25, from March 15, 1893; $634.42 from November 11, 1893; $551.25, from February 23, 1894; $526.66, from April 19, 1893; $656.40, from January 5, 1894; $554.40, from March 24, 1894; $569 from August of 1894; $571 from August 14, 1894; $35.97 from February 6, 1894. "

The trust deed mentioned in plaintiff's complaint embraced and described twelve separate tracts of real estate and the trust deed set out in the cross-complaint did not cover or describe any real estate except seven of those described in the trust deed mentioned in plaintiff's complaint. By the decree it was adjudged and ordered, not only, that the real estate described in the cross-complaint be sold, but that all of the real estate described in both deeds of trust, or such part thereof as might be sufficient to satisfy the cross-complainant's and plaintiff's demands, with interest, attorney's fees, etc., and that the proceeds of sale be distributed as set out in the conclusions of law, before quoted.

Among the assignments of error, is the following: "And the court erred in its conclusion of law that the claims of the plaintiff should be made subject to the judgment of the cross-complainant, David H. Stephens, and was only to be paid out of such property, if a surplus existed after the payment of the claim of the said David H. Stephens, thereby making the notes and trust deed of the plaintiff subject to the note and trust deed of cross-complainant; and in decreeing that the claim of David H. Stephens, principal, interest, and attorney's fees should first be paid out of the proceeds of the sale of the property mentioned therein; and that the claim or judgment of the plaintiff was only to be paid out of the assets of the property to be sold after the payment of the judgment of the cross-complainant, David H. Stephens."

The cross-complainant did not pray for the sale of any real estate except that described in the deed of trust set out in the cross-complaint, or claim priority of lien upon any other real estate. Yet the decree awarded to him rights in certain tracts of land, which he did not have or claim in his cross-complaint, and subordinated thereto plaintiff's lien on said tracts.

The conclusions of law and the decree so subordinating the plaintiff's lien under the trust deed assigned, as aforesaid, to it, are not warranted by the record, or sustained by the evidence. The decree should therefore be amended, so as to require said tracts of land deeded to secure cross-complainant's said demand to be sold separately, and to direct that so much of the proceeds of such sale as may be necessary to satisfy cross-complainant's claim, after deducting the costs of making the same, be paid to him. Also so as to require, in case there be not a surplus left of the proceeds of said sale, after paying the costs and the cross-complainant's demand, to satisfy the plaintiff's claim

that then the tracts of land not included in the deed of trust named in the cross-complaint, but included in the trust deed named in the plaintiff's complaint, be sold, and the proceeds thereof, after paying the costs of sale, or so much thereof as may be necessary, be paid to plaintiff.

The trust deeds named in plaintiff's complaint, in terms, convey all the real estate therein described. "Together with all right, title and interest in and to all water rights, and rights to the use of water now appurtenant to and used in connection will all of said described lands. Together with all water rights, and rights to the use of water, which may have heretofore been used in connection with the afore described lands."

The South Ogden Water Company was made a party defendant in plaintiff's complaint, and in its answer thereto, it is alleged that said company is the owner in fee, free from any pretended lien of trust of all the water heretofore used upon said land, except certain portions conveyed to John Pincock.

The trial court also found as follows: "The court further finds that the defendant, South Ogden Water Company is and was at all times in the pleadings herein mentioned, the owner in fee simple, free and clear of any incumbrances or liens thereon, of all the waters and rights, to the use of water heretofore used upon the said premises," and made a decree in accordance therewith.

This finding and decree is objected to by appellant, on the sole ground that there was no issue joined by the pleadings respecting water rights of any party to the action, and that said finding was not responsive to any issue in the case.

The defendant, South Ogden Water Company, having been made a party defendant to plaintiff's action, was obliged to plead in bar of plaintiff's claim, its title to

the water conveyed in terms by the trust deed which plaintiff was seeking to foreclose or forfeit its rights thereto as against a purchaser under the foreclosure sale. Said trust deed was in express terms of the plaintiff's complaint made a part thereof, and was attached thereto as an exhibit.

The answer of the South Ogden Water Company, in effect, fully denied the plaintiff's claim, under said trust deed, to any of the water to which the South Ogden Company alleged title, and therefore an issue was joined on that question by the pleadings, and at the trial evidence on that issue was adduced by both parties.

The answer of said defendant, by the assertion of its right to said water, was an explicit denial that the plaintiff had any lien thereon or any right to have the same sold with said real estate in his action of foreclosure, and therefore raised an issue regarding the title to said water. At the trial considerable testimony was introduced on behalf of both parties to this issue.

This objection of appellant is not tenable.

The trial court also found "That no part of the moneys evidenced by said promissory note of cross-complainant has been paid, and that there is now due thereon the principal sum of $4,344.85., together with interest thereon from May 3, 1893, at the rate of 18 per cent. per annum, which principal and interest, at this date amounts to $7,972.79."

The decree directed that the last sum, with interest thereon at the rate of 18 per cent. per annum, from the date of the decree, be paid to the cross-complainant out of the proceeds of sale, after paying the costs and certain other sums mentioned. The allowance of interest on said sum is assigned as error.

It is claimed by appellant that that sum, after the de-

cree, should only draw the legal rate of interest instead of 18 per cent per annum.

In the note of the cross-complainant, secured by trust deed, it is stipulated that the principal shall draw interest at the rate of 18 per cent. per annum until paid, both before and after judgment.

Sec. 2119 Sess. Laws, 1890, the provisions of which are still in force (Sec. 1241, Rev. Stat. 1898), provides that, " It shall be lawful to take eight per cent. interest per annum, when the amount of interest has not been specified or agreed upon. But parties may agree in writing for the payment of any rate of interest whatever, on money due or to become due on any contract. Any judgment rendered on such contract shall conform thereto, and shall bear the interest agreed upon by the parties, which shall be specified in the judgment."

A judgment on any such contract will bear interest, if so specified therein, at the same rate as the contract.

In this case no personal judgment was rendered for the said sum of $7,972.79. The decree merely provided that that sum, with 18 per cent. interest thereon, from the date of the decree, should be paid to the defendant, David H. Stephens, out of the proceeds of the sale. It also provided as follows:

"That if the proceeds of such sale shall be insufficient to pay the amounts so found due as aforesaid, with interest, costs, attorney's fees and expenses of sale as aforesaid, the said sheriff shall specify the amounts of such deficiency and balance due to either the cross-complainant or to the plaintiff in his return of sale, and on the coming in of said returns a judgment of this court shall be docketed for such balance against the defendant South Ogden Land, Building & Improvement Company."

It is stated in Wiltsie on Mortgage Foreclosure, Sec.

603, p. 722, that, "The plaintiff in an action to foreclose a mortgage cannot have a personal judgment against any of the defendants prior to the final decree of foreclosure and sale.   The correct practice is, to make a contingent judgment in the decree of foreclosure and sale for the payment of any deficiency which may appear upon the coming in and the confirmation of the report of sale, and that the plaintiff have execution therefor.   An execution cannot be issued until the deficiency has been ascertained from the report of sale."

The foregoing states the correct and usual practice. While a judgment for any deficiency would, by virtue of the statute relating to interest, bear the same rate as the note upon which it is based, if specified in the judgment, the amounts specified in the finding do not.   The statute has no application except to personal judgments.

In the trust deed, securing cross-complainant's promissory note, it is stipulated that in case of a sale thereunder, out of the proceeds, after paying costs, attorney's fees, etc., the amount of said promissory note remaining unpaid, and the interest thereon shall be paid.   That portion of the decree which requires the payment of compound interest out of the proceeds of the sale, is violative of the express terms of said trust deed; and should be amended so as, only, to allow interest on the principal of cross-complainant's note, at the rate of 18 per cent. per annum from its date, to be paid out of the proceeds of the sale.

The rate of interest specified in the accommodation notes, described in plaintiff's complaint, and to secure the makers thereof the trust deed mentioned in the complaint was given, is six per cent. per annum from June 1st, 1892, until paid, both before and after judgment.   The trial court found "That the said Sidney Stevens, on March 15, 1893, was compelled to and did pay of the money men-

tioned in said deed of trust, the sum of $523.75; and on Nov. 11, 1893, the further sum of $634.42; on February 23, 1894, the further sum of $551.25; on the 19th day of April, 1893, the further sum of $526.66; on the 6th day of January, 1894, the further sum of $656.40, and on the 24th day of March, 1894, the further sum of $554.50; on the — day of August, 1894, the further sum of $569; on August 14, the further sum of $571; and on the 6th day of March, 1894, paid the sum of $44.47 taxes, and on February 6, 1894, paid the sum of $6, and that of the sums of money so as aforesaid paid by the said Sidney Stevens, there was refunded and paid to him the sum of $14.50, making a total sum of money so paid by him as aforesaid of $4,-622.95."

Interest was not allowed in the decree on this aggregate sum, as was done therein on the amount found due to the cross-complainant, but was allowed on the respective sums so paid, at the legal rate, from the date of each payment.

The appellant assigns as error, the allowance, only, of the legal rate of interest on said sums, and claims that interest thereon at the rate of 2 per cent. per month should have been allowed.

It is not stipulated in the trust deed that the amount which the makers of said accommodation notes might be required to pay, should draw any specified rate of interest.

In the absence of such stipulation the amount paid by said makers would only draw interest at the legal rate from the date of each payment. The decree in this particular is correct.

On the 3d day of September, 1898, plaintiff filed and served a petition praying for a modification of the findings and decree on the ground of certain "neglect, mistake and oversight" of plaintiff in said petition alleged, and on said day a notice of a motion for the modification of the find-

ings and decree, based on said petition and the cross-complaint was served on the said Sidney Stevens. On the 16th day of November, 1898, said motion was overruled, and the prayer of said petition denied by the trial court. Plaintiff took exception to this action and has assigned the same as error.

The decree was made and entered on the 22d day of December, 1897. Said petition was not filed and said motion was not made until more than nine months after the decree was made and entered, and after several regular terms of the trial court had expired.

This court has frequently held that under section 3256, Comp. Laws, 1888, ( which is the same as Sec. 3005, Rev. Stat., ) it has no jurisdiction to modify a judgment, in respect to matters of substance on an application made more than six months after the expiration of the term at which the judgment was rendered. *Lees* v. *Freeman*, 57 Pac. Rep. 411, 18 Utah 481 and cases in note.

The said petition having been filed more than six months after the expiration of the term at which the decree was made and entered, we have no authority to pass upon the questions thereby presented.

It is ordered that the case be remanded to the court below with directions to modify the decree, in the particulars pointed out in the opinion rendered, and in conformity therewith, and that the respondent pay the costs of the appeal.

BARTCH, C. J., in the judgment, and MINER J., concur.