GILL et al. v. FRANCES INV. CO.

Circuit Court of Appeals, Ninth Circuit.
May 23, 1927.

Rehearing Denied June 27, 1927.

No. 4997.

1. Mortgages ⬅427(2)—Trustee in trust deed securing single promissory note held not indispensable party to foreclosure suit.

The trustee in a trust deed securing a promissory note, which under the law of California is a mortgage, and which deed empowered the legal holder of the note to declare a default and maintain suit for foreclosure, held not an indispensable party to such foreclosure suit.

2. Judgment ⬅407(6)—Equity jurisdiction to set aside judgment held not excluded by statutory proceeding for relief, where complainant was not party to suit (Code Civ. Proc. Cal. § 473).

Code Civ. Proc. Cal. § 473, providing that a party on motion within six months may be relieved from a judgment taken against him through his mistake, inadvertence, or excusable neglect, does not afford an adequate legal remedy, which will exclude jurisdiction in equity to one affected by a judgment, but who was not a party thereto.

3. Judgment ⬅691—Trustee in trust deed cannot bind beneficiary in suit wholly extraneous to his trust.

Without express authority, trustee in trust deed cannot bind the beneficiary in a suit wholly extraneous to his trust.

**4. Vendor and purchaser ⬪⇒244—Evidence sustained finding that grantee was not protected from an incumbrance as a bona fide purchaser.**

Finding that a grantee of land was not protected from an incumbrance as a bona fide purchaser *held* sustained by evidence.

**5. Limitation of actions ⬪⇒183(2)—Special limitation must be pleaded.**

A special limitation in a statute, applicable only in certain cases, to be availed of, must be specially pleaded.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California.

Suit in equity by the Frances Investment Company against Thomas Edwin Gill and others. Decree for complainant, and the defendants Gill appeal. Affirmed.

On January 1, 1916, Friend J. Austin and his wife executed a promissory note for $55,000 to the Delta Land & Water Company, a Utah corporation, and to secure payment thereof they executed to the People's Abstract & Title Company, of El Centro, Cal., as trustee, a trust deed to a half section of land owned by Friend J. Austin in Imperial county, Cal., and assigned and pledged 300 shares of water stock representing the water used on said half section, and pledged also a promissory note and mortgage theretofore executed to Austin by one Carrick on land in said Imperial county, with the water stock representing the water used thereon, and a promissory note and mortgage given to Austin by Annie Marie Belford on land in Imperial county, Cal., with the water stock representing the water used thereon; also a mortgage on land in Utah, purchased from said Delta Land & Water Company by Austin, the purchase price of which was the consideration for said $55,000 note, except the sum of $9,000, which had been advanced in cash by said Delta Company to Austin. One hundred and fifty shares of the water stock attached to Austin's half section of land in Imperial county was delivered to said Delta Company. One-fourth section of said half section was under mortgage to the Pacific Mutual Life Insurance Company for $6,000, to which was pledged the remaining 150 shares of the water stock, the equity of which was assigned to the Delta Company. On January 2, 1917, the Delta Company transferred to the N. & E. J. Allen Company, a corporation of Delaware, Austin's note, together with the security which it had received from Austin. Thereafter, on March 5, 1917, the Allen Company transferred said note and the security to the Frances

Investment Company, a Utah corporation, the appellee herein.

On October 2, 1917, Austin and his wife, Belford and his wife, and Carrick instituted a proceeding in the superior court of California for Imperial county, under what is known as the Torrens Law (St. Cal. 1915, p. 1932), to obtain registration of title to the three parcels of land covered by the trust deed and the two mortgages first above mentioned, free and clear of the liens of said encumbrances. The petition alleged that Austin had been induced to make his purchase of land in Utah from the Delta Company by false representations, both as to the quality of the land and the extent of the water supply, that said note and security were given to pay the purchase price of said land in Utah, and that Austin had rescinded the contract of purchase. The Delta Company and others were mentioned as defendants, and the petition alleged that no person had any claim, estate, or interest in said three parcels of land, other than as stated in the petition. The appellee herein was not made a party to the proceeding, or mentioned as having an interest in said property, nor was it served with process or notice, although Austin, Carrick, and Belford and his wife knew of the transfer of the note and securities to the said appellee. On the filing of the petition notice was issued, and on the next day an order was made for its publication. It was directed to the defendants named in the petition and to the Delta Company, "and all other persons, known and unknown, whom it may concern, or who may claim any right, title, estate, or lien," etc.

Thereafter there was filed in said proceeding a printer's affidavit showing publication of the notice, the affidavit of H. F. Davis, attorney for the petitioner, showing service on the People's Abstract & Title Company, the original trustee, the affidavit of the wife of Davis showing the mailing of the petition for registration and notice to the Delta Company at Milford, Utah, and the affidavit of one Scott, showing personal service of the petition and notice on the secretary of the Delta Company at Milford, Utah. On December 4, 1917, the default of the Delta Company was entered, and six days later the default of the People's Abstract & Title Company was entered, and three days thereafter a decree of registration was entered, adjudging that since the filing of the petition the Carrick and Belford lands had been conveyed to Austin, and it ordered the registration of all three tracts in Austin in fee, free and clear of all liens and interests other than those expressly men-

tioned, and on the same day the title to the three parcels of land was registered in Austin in the office of the registrar of titles of Imperial county. There was no attempt in either petition or decree to cancel the Austin note, and in the decree no reference was made to the water stock.

About December 22, 1917, the appellee learned of the registration proceedings. On February 15, 1918, interest on the Austin note being in default, the appellee declared the note due and filed its bill of complaint in the court below against the Austins, the Belfords, Carrick, and the People's Abstract & Title Company for foreclosure, alleging that the decree of registration was not binding on the appellee, that it had been obtained by fraud, and that the appellee had valid defenses thereto. The fraud was alleged to consist in the intentional omission of the appellee as a party to the registration proceeding, the false affidavit of Mrs. Davis of mailing the petition and notice to the Delta Company, the false affidavit of personal service on the Delta Company in Utah, and the filing simultaneously with the petition of registration a complaint to quiet title to said three parcels of land, in which the Delta Land Company and the appellee were named as defendants, and mailing and personally serving summons and complaint in Utah without procuring an order for substituted service; also collusion in the registration proceeding between the People's Abstract & Title Company and the petitioners, to enable the latter to obtain a decree of registration without notice to the appellee, and obtaining that decree without notice to the appellee. The Austins, the Belfords, and Carrick answered the appellee's bill, denying the principal allegations thereof, alleging that the appellee was the alter ego of the Delta Company, alleging a valid sale of the Belford and Carrick parcels of land by mesne conveyances to one Aron, and the Austin land to T. E. Gill and Myla R. Gill, his wife, about February 13, 1918. The People's Abstract & Title Company failed to appear, and its default was entered.

On January 22, 1920, the appellee filed its supplemental bill, bringing into the suit as defendants the Gills, said Aron and others, together with one Wolfe, who was alleged to be a grantee with notice of a mortgage for $8,500 on the half section of land in Imperial county owned by the said Friend J. Austin. The Davises and Thomason, the father of Mrs. Davis, were also made parties. The defendants Gill and wife, appellants herein, joined in an answer; certain other defendants joined

in a motion to dismiss, attacking the jurisdiction of the court for lack of requisite diversity of citizenship. On April 5, 1920, the appellee filed its amended supplemental bill, and by consent the answer of the Gills to the former bill and the motions to dismiss were taken to apply to the said amended supplemental bill. The motions to dismiss were denied; the court holding that the People's Abstract & Title Company was not an indispensable party. The defendants who had filed said motions then filed their answers, each denying fraud and pleading on information and belief that Thomason, their grantor, obtained title to all of said premises by purchase in good faith, for a valuable consideration, and without knowledge or notice of claims of right or interest on the part of the appellee, or of any matter which would put them upon inquiry.

Upon final hearing the court by its decree sustained the validity of the trust deed and the pledges of security, adjudged that the proceeding for registration under the Torrens Act was instituted and conducted for the purpose of defrauding the appellee of its security, that the decree therein was procured by fraud upon the court, that the appellee was intentionally omitted as a party, and that the decree therein was not binding upon it; that at the time when said real and personal property so mortgaged and pledged was conveyed to the defendants, who claimed to own the same, each of said defendants had notice that the Austins were indebted to the appellee in accordance with the terms of said promissory note, and that the note was secured as alleged in the bill of complaint; that none of the defendants was a bona fide purchaser without notice of the appellee's rights; that the claims of the Gills were junior and subordinate to the liens, claims, and charges of the appellee under the deed of trust and the mortgages and pledges. Foreclosure and sale were ordered to satisfy the debt due to the appellee. From that decree the appeal is taken.

Joe Crail, Harold C. Morton, F. Von Schrader, Barker & Keithly, Donald Barker, and Harry A. Keithly, all of Los Angeles, Cal., for appellants.

Joseph L. Lewinson, of Los Angeles, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] We are not convinced that it was error to deny the appellants' motion to dismiss the suit for want of juris-

diction. It is contended that, while the bill was framed with the appellee, a citizen of Utah, as complainant, and against all of the defendants, including the trustee, as citizens of California, the trustee should have been aligned as a co-complainant, in which case the requisite diversity of citizenship would be lacking. It is to be observed that the deed to the trustee, while it conveys the legal title, also vests in the "legal holder of the note" the power to declare the note payable on default of interest, and in case of foreclosure the power in the "then legal holder" to have a receiver appointed to take possession of the property described in the conveyance.

Is the trustee an indispensable party? The court below was of the opinion that, by virtue of the default entered in the Torrens proceeding, the trustee had been judicially foreclosed of any right or interest in the property, and that it was immaterial whether it was in or out of the case. It is true that the presence of a trustee of property conveyed as security for the payment of bonds may be indispensable in a case where there is more than one beneficiary of the trust and interests therein are diverse, as in First Nat. Bank v. Radford Trust Co. (C. C. A.) 80 F. 569, where Judge Lurton held that the trustee was a necessary party for the purpose of establishing the complainant's rights to the bonds it held and the application of the proceeds of the foreclosure sale to the same. But in the present case there was but one debt, secured by the trust deed, and there is but one legal holder of the promissory note. The appellee demands nothing of the trustee, and the trustee can demand nothing of the appellee.

The prayer of the complaint is that the decree in the Torrens proceeding be vacated and declared null and void, so far as it affects the interest of the appellee in the property described in the trust deed, and that a decree of foreclosure and sale be ordered. Although the trust deed purports to convey the title, it is intended as a mortgage, and under the law of California is declared to be a mortgage. Hollywood Lumber Co. v. Love, 155 Cal. 270, 100 P. 698. "When the purpose of the trust ceases the estate of the trustees also ceases." Sacramento Bank v. Alcorn, 121 Cal. 379, 53 P. 813.

In Sidney Stevens Impl. Co. v. South Ogden Land Co., 20 Utah, 267, 58 P. 843, it was held that where the trustee is not vested with the legal title, or with a beneficial interest in the trust, and the common law has been so modified that no legal title passes by the deed of trust or mortgage, the reason of the rule which requires the presence of the trustee fails, and in such jurisdictions the trustees are not indispensable parties to an action of foreclosure.

In Bates v. New Orleans B. R. & V. R. Co. (C. C.) 16 F. 294, Judge Coxe said: "The real contention in this case is between the plaintiff and the Louisiana corporations. The defendants McCook and Alexander, who are citizens of New York, are sued merely in their representative character as trustees. Their connection with the controversy is collateral and subsidiary to the main issue. * * * Their presence on the record may be necessary to effectuate the relief sought by the plaintiff, but their citizenship ought not to be considered on the question of removal."

In Interstate Refineries v. Barry (C. C. A.) 7 F.(2d) 548, the court said: "James N. Johnson, the trustee in the mortgage, was a proper party, but he was not an indispensable party, because he has no personal interest in it or in the property; because no relief is asked against him personally, because the bill does not contain any averment or showing that any of the notes that were to be secured by the mortgage have ever passed into the hands of any innocent purchasers for value, and because Johnson, neither as a person, a trustee, or otherwise, nor any of the holders of such notes, are now parties to this suit; because no decree in this suit can estop or bind any of them if they do not intervene in this suit, and either he or they may at his or their option intervene herein and protect any rights they may have in this suit."

In Walden v. Skinner, 101 U. S. 577, 25 L. Ed. 963, it was held that jurisdiction was not defeated by the fact that with the principal defendant were joined as nominal parties the executors of a deceased trustee, citizens of the same state as the complainant.

[2] The appellants contest the jurisdiction in equity on the ground that the appellee had an adequate remedy at law, and they cite the decision of this court in Eggers v. Krueger (C. C.) 236 F. 852, in which it was held that a defendant, who knew within four weeks from the date thereof that a judgment had been rendered against him, had an adequate remedy at law under the provisions of section 473 of the Code of Civil Procedure of California, which provides that a court may on motion within six months relieve a party from a judgment taken against him through his mistake, inadvertence, or excusable neglect.

The answer to the contention is that the judgment under the Torrens Act here involv-

ed was not taken against the appellee. The appellee was not a party to the proceeding, nor was it named therein, nor was its assignor, the Delta Company, served with process therein, nor was the judgment taken through the appellee's mistake, inadvertence, or neglect. Lapham v. Campbell, 61 Cal. 296; Baker v. O'Riordan, 65 Cal. 368, 4 P. 232. And even if the appellee had been made a party in that proceeding, the remedy under section 473 would not have been adequate, for neither were the appellants nor any of the other parties defendant, except the Austins and the Belfords, made parties to the registration proceeding. In a separate suit, not only could the appellee bring those parties into court, but the remedy by an original suit tried not upon affidavits, but upon testimony taken in open court, is ampler and more efficacious. Estudillo v. Security Loan, etc., Co., 149 Cal. 556, 87 P. 19.

[3] Without merit is the contention that the appellee was bound by the default judgment rendered against the People's Abstract & Title Company in the registration proceeding. The trust deed lodged in the trustee no authority to represent the beneficiary in that proceeding. Without such express authority the trustee could not bind the beneficiary in a proceeding such as that which was wholly extraneous to his trust. 19 R. C. L. 272, International Trust Co. v. United Coal Co., 27 Colo. 246, 60 P. 621, 83 Am. St. Rep. 59; Lebeck v. Ft. Payne Bank, 115 Ala. 447, 22 So. 75, 67 Am. St. Rep. 51; Collins v. Lofftus & Co., 10 Leigh (37 Va.) 5.

[4] We find no ground to disturb the decision of the court below in denying the appellant Thomas E. Gill protection as an innocent purchaser. Section 37 of the Torrens Law provides that in case of fraud the person defrauded shall have the rights and remedies he would have if the land were not under the provisions of the act: Provided, that nothing contained in that section should affect the title of a registered owner "who has taken bona fide for a valuable consideration." It is quite evident that Gill, who was a real estate operator and for many years had been engaged in buying and selling farm lands and loaning money on mortgages, had knowledge of facts and circumstances sufficient to put him upon inquiry. That a default had been taken against the trustee of a $55,000 note was in itself a fact so significant as to suggest the necessity of further investigation, there having been no trial of issues and no surrender of the note. Also significant was the fact that the default rested upon the single affidavit of a private individual of service upon a corporation in a foreign state, and the fact that, while in the registration proceeding the water stock was plainly included in the trust deed, no reference was made to it in the judgment or in the certificate of title.

The water stock, as the court below found, and as Gill himself must have known, was a "very valuable asset," and without it the land was practically valueless. Gill was told that either Austin or Thomason, to whom Austin had just conveyed the land, had lost the water stock; but he made no inquiry as to the circumstances under which it had been lost, or the possibility of its recovery. Another suggestive fact that came to Gill's attention was that Austin, who had long been the owner of the land, was still in possession and living thereon, notwithstanding that he had conveyed it to Thomason. Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 12 S. Ct. 239, 35 L. Ed. 1063; Krueger v. United States, 246 U. S. 69, 78, 38 S. Ct. 262, 62 L. Ed. 582; Coder v. McPherson (C. C. A.) 152 F. 951, 953; Prouty v. Devin, 118 Cal. 258, 50 P. 380; Follette v. Pacific L. & P. Corp., 189 Cal. 193, 208 P. 295, 23 A. L. R. 965.

[5] It is contended that the appellee's cause of action was barred by the time limitation provided by the Torrens Law, and that the trial court erred in holding otherwise. Section 45 of said law provides that no action at law or in equity shall be brought for the recovery of land or an interest therein after one year following the first registration, and that the provisions of the act "shall in no way affect or disturb the rights of any person in said land, acquired subsequent to the registration thereof, bona fide and without knowledge and for a valuable consideration." The appellee's original bill was filed within two months after the date of the decree of registration. Two months later, on April 16, 1918, the appellants appeared as interveners and answered. Their answer was subsequently struck from the files, but on January 23, 1920, when they were brought into the case as parties defendant by the supplemental bill, they answered without pleading the Torrens Law statute of limitations. Subsequently their application for leave to amend their answer and set up the one-year statute of limitations was denied, the trial court holding that the matter rested in its discretion, ample opportunity having been given the appellants when they first appeared to set up the bar of the statute.

That statute is not available to the appellants here, for the reason, as we have found, that they were not bona fide purchasers for

value. Section 106 of the Torrens Law provides that, in case of fraud, any person defrauded shall have all rights and remedies that he would have had, if the lands were not under the provisions of the act. Section 45 is not a general statute of limitations. It applies only to special cases, and to be available it must be pleaded specially. Howell v. Rogers, 47 Cal. 291. And in any view of the construction of the said statute, we are of the opinion that the suit was commenced in apt time, and that the appellants made themselves parties thereto when they filed their answer as intervenors. Keystone Coal & Coke Co. v. Feketo (C. C. A.) 232 F. 72.

We find no error. The decree is affirmed.