RUSSELL H. BENNETT,

*vs.*

FRANK McGRADE, et al.

When the property, claim, or cause of action, upon or for the recovery of which a suit has been brought, is assigned by the plaintiff to a third person after the commencement, and during the pendency of the action, and the action is prosecuted to a determination in the name of the original plaintiff, the assignee is the real party in interest.

A bond given upon an appeal in such action after such assignment, although running in the name of the original plaintiff in the suit, is for the benefit of such assignee, and an action for a breach of the bond is properly brought in the name of such assignee.

A valid levy upon sufficient personal property of the defendant in an execution is *prima facie* a satisfaction of the execution; but this *prima facie* effect of the levy may be rebutted.

When an execution was duly issued to the sheriff upon a judgment for money, a levy duly made upon personal property of the defendant, and the property was left by the consent of the parties to the execution in the possession of such defendant, after which an appeal was taken by the defendant from the judgment, and a bond given by which all proceedings subsequent to the appeal were stayed, and during the stay the defendant disposed of the property, the obligors in the bond for the appeal are liable upon the affirmance of the judgment appealed from, and the levy under these circumstances is not a satisfaction of the debt as to either the principal or sureties in the bond.

This action was commenced in the district court for Ramsey county, and was tried before a referee. The facts are substantially as follows: In 1865 one Williams sued defendant McGrade, as sheriff of Scott county, for the recovery of certain sheep or their value. In March, 1867, Williams

transferred his interest in the suit to the plaintiff, and the suit proceeded without substitution of parties. In July, 1867, judgment was rendered in the action against the defendant McGrade. On the 27th day of July, 1867, execution was issued on the judgment, and on that day the sheriff to whom the execution was delivered, went with Williams who was the agent of Bennett to the store occupied by McGrade and one Siefert his partner, and levied on McGrade's interest in the stock of goods there, which was sufficient to pay the execution. The sheriff indorsed the levy on the execution. The goods were left in the possession of McGrade and his partner. A short time after this McGrade appealed from the judgment to this court, (*see Minn. Rep. vol.* 13, *p.* 174,) and a bond was given staying proceedings, executed by defendant McGrade, as principal, and by defendants Samuel. D. Strait, and William Cressy, as sureties, to the said Williams. The sheriff made a further return on the execution of the appeal and stay. McGrade and Siefert proceeded to dispose of the property levied on as if no levy had been made until April, 1868, when McGrade sold his interest in the property to his said partner. The judgment appealed from was affirmed, and the present action was brought upon the appeal bond. The defense on the part of McGrade was, that there was a sufficient levy in force; on the part of the sureties, that after a sufficient levy had been made, they became sureties relying upon it, and that the property levied on had been lost through the fault of the plaintiff and sheriff. The referee found that the sheriff at the request of McGrade abandoned the levy; that the defendants Strait and Cressy when they executed the appeal bond had full knowledge of the facts concerning the levy, and its abandonment by the sheriff. He directed judgment to be entered for the plaintiff. The

defendants moved to set aside the report of the referee, and for a new trial, which was denied, and they appeal from the order denying the same to this court.

L. M. & J. H. BROWN for Appellants.

W. P. WARNER for Respondent.

*By the Court.*—McMILLAN, J.—After the commencement of the original action against McGrade, Williams, the plaintiff therein, assigned the property and claim for the recovery of which the action was brought, to Bennett. Bennett therefore became the real owner, and although the proceedings were continued in the name of Williams, they were for Bennett's interest; the bond for the appeal, being one of the subsequent proceedings, although taken in the name of Williams, was for the use of Bennett. The statute of our state, requires " that every action shall be prosecuted in the name of the real party in interest," Bennett being such party, this action, brought upon the bond, is properly brought in his name.

It is true that a valid levy upon sufficient personal property of the defendant in an execution is *prima facie* a satisfaction of the execution, but the plaintiff may rebut this presumption from a mere levy, and show that the execution or judgment is not satisfied.

There is no doubt ample evidence to sustain the finding of the referee, that a valid levy was made upon personal property of McGrade, sufficient to satisfy the execution. Whether the levy was abandoned or not, as found by the referee, it is very certain that at the time of the levy the property was all left by the sheriff undisturbed in the possession of McGrade and Seifert, his partner, and that no change had taken place in the condition of the property at

the time the defendants Strait and Cressey gave the bond; it is also established that the defendant McGrade disposed of the property levied on, to wit, his interest in the partnership property—about April 1st, 1868, according to his own testimony. It certainly does not lie with McGrade, who has actually disposed of the property levied on, to say that the levy shall operate as a satisfaction of the debt. Are his sureties in a better condition? The plaintiff has never consented to a release or abandonment of the levy, but has been pressing his claim with all diligence, and has acted in entire good faith in the premises. The sureties of McGrade were bound to know, and it is presumed did know the condition of affairs affecting their rights at the time of making the bond, if there was no abandonment, that the property was in possession of McGrade, their principal, and that by the appeal the proceedings in the action in the court below would be stayed.

There was no negligence on the part of the sheriff, as far as appears, in permitting the goods to remain in the possession of McGrade and his partner; nothing has been done upon the part of the plaintiff, or sheriff, of which, as against the plaintiff, the sureties can complain; yet the property levied on is gone; McGrade has disposed of it. Under these circumstances the levy is not a satisfaction of the debt as to either of the defendants. The plaintiff therefore has a right to pursue his remedy upon the bond. The question as to the competency of the second return made by the sheriff as evidence is therefore immaterial. Whether the finding of the referee that the levy was abandoned by the sheriff at the request of McGrade, and that the defendants Strait and Cressey had knowledge of it at the time they executed the bond, is strictly correct or not, we are of opinion that the result of the case must in any event be the same, a

finding for the plaintiff. A new trial therefore should not be granted.

Order affirmed.