ROBERT A. MAY, to use of HENRY C. LACKLAND *et al.*,. Respondent, *v*. JOHN A. KELLAR *et al.*, Appellants.

### March 7, 1876.

1. A judgment in a proceeding for unlawful detainer may be assigned.

2. M. obtained judgment against K., which judgment he assigned to L.; the assignee sued the sureties on the appeal bond; one of the sureties offered to offset, in this suit, a judgment against the assignor of the bond sued on, owned by him. *Held*, that the suit on the appeal bond was for unliquidated damages, and a set-off was not admissible.

3. On motion for rehearing, this court will not notice an informality in the judgment which does not affect the substantial rights of the parties.

APPEAL from St. Charles Circuit Court.

*Affirmed.*

*John A. Kellar*, with *Taylor & Whitney*, for appellants, cited : 2 Pars. on Con. 515 ; Broom's Leg. Max. 626 ;. City of St. Louis *v*. Laughlin, 49 Mo. 559 ; Mortland *v*. Hill *et al.*, 44 Mo. 58 ; Covenant Mutual Life Ins. Co. *v*. Clover,. 36 Mo. 392 ; Love *v*. Fairfield, 13 Mo. 300.

*Lackland & Broadhead*, for respondent, cited : Wag. Stat. 794, secs. 34–38, p. 1273, sec. 1, p. 1275, secs. 10, 11 ; Burgess *v*. Cave, 52 Mo. 43 ; State, to use, *v*. Modrell *et al.*, 15 Mo. 421 ; McPherson *v*. Meek, 30 Mo. 345 ; Johnson *v*. Jones, 16 Mo. 494 ; Mahan *v*. Ross, 18 Mo. 121 ; Pratt *v*. Menkins, 18 Mo. 158 ; Brake *v*. Corning, 19 Mo. 125 ; Basye *v*. Ambrose, 28 Mo. 39 ; Hammer *v*. Bridenbach, 31 Mo. 49 ; Long *v*. Towl, 42 Mo. 545 ; Morse *v*. Rathburn, 42 Mo, 595 ; Hammacher, Admr., *v*. Schroers, 49 Mo. 406.

BAKEWELL, J., delivered the opinion of the court.

This is a suit on an appeal bond executed by defendant Luckett, as principal, and the other defendants, as sureties, conditioned according to the terms of the statute, on appeal taken to the Supreme Court from the judgment of the Circuit Court of St. Charles county, in the case of *May* v. *Luckett*. The pleadings, evidence, and admissions in the case show the following state of facts :

Robert A. May obtained judgment against Robert F. Luckett, in a proceeding of unlawful detainer. The judgment was for restitution of possession, damages $270, and monthly rents and profits $10, from April 3, 1872, the date of the judgment, until restitution made, and for costs. On the day judgment was rendered it was assigned by May to Lackland & Broadhead, his attorneys—first, to secure their fees, and then to secure advances made by Lackland & Broadhead to May. Appeal was taken by Luckett, and the proper bond given, with the usual condition. This suit is on that bond. On appeal, the judgment of the Circuit Court was affirmed. Execution was issued on February 3, 1874, in the name of May, to the use of Lackland & Broadhead. One Allen was, on February 19, 1874, by direction of Lackland & Broadhead, put into possession of the premises, under said execution, which was then returned unsatisfied as to damages, etc., Luckett being insolvent. On March 19, 1872, William J. McElhiney assigned to Robert F. Luckett a judgment which he had previously obtained in the Circuit Court of St. Charles county, against May, for the sum of $1,338.35. Of this assignment Lackland & Broadhead knew nothing when May assigned to them. This judgment of McElhiney against May, assigned to Luckett, is set up in defendants' answer as matter of defense. Plaintiffs claim that their demand, being for unliquidated damages, is not subject to set-off, and the record of this judgment and assignment was, when offered by defendant, excluded by the court at the objection of plaintiffs. There was a verdict and judgment for plaintiffs for $643.32. Motions for a new trial and in arrest of judgment were made and overruled, and, all exceptions being saved, the case is brought here by appeal.

It is claimed by appellants (and the points are all saved by the refusal of instructions asked by defendant, and by objections to evidence overruled on the trial, and are the only points insisted upon here) :

1. That the judgment of *May* v. *Luckett* was not assign-able under our statute.

2. That the bond sued on is another and different bond from that assigned.

3. That the court below erred in refusing to allow defend-ants to read in evidence the judgment against May, owned by Luckett.

, 1. The statute provides (Wag. Stat. 794, sec. 34) that judgments for the recovery of money may be assigned in writing, which assignment shall be attached to the judgment and attested by the clerk.

The judgment in question was not assigned as required by the statute; but the assignment was good as an equi-table assignment (if the judgment could be assigned at all), for the statutory mode of assigning judgments is cumulative, and does not prevent a party from making an equitable assignment in any other lawful way. *Burgess* v. *Cave*, 52 Mo. 43.

But could this judgment be assigned at all? It is said that, "judgments for the recovery of money" being named in the statute, by a familiar rule, the expression of the one thing is the exclusion of another; and that a judgment is an entirety, and cannot be assigned in part.

A judgment is, undoubtedly, an entirety; a judgment against A and B cannot be set aside as to A and maintained as to B. It either stands or falls as to both, and, in this sense, cannot be divided. But it by no means follows that part of a judgment cannot, in the nature of things, be assigned. It is true that part of a judgment cannot, in this State, be assigned without the consent of the debtor. *Love* v. *Fairfield*, 13 Mo. 300. This is for the protection of the debtor—against whom, otherwise, a hundred executions might issue for $1 each, with costs—and to prevent litiga-tion, and from motives of public policy. But *semble* that, with the consent of the debtor, a part of a judgment might be assigned. But in this case the question does not properly arise, because the whole of the judgment was assigned, and

the representative of the assignees was, under the execution,. put into possession of the ground. Part of a judgment. cannot be assigned to one man, and part to another, without. consent of the debtor, for the reasons given above; but; those reasons do not furnish grounds for saying that a judg-- ment for possession and for money may not be assigned to, one assignee. The judgment is a judgment for the recovery of money. That may be assigned; the statute expressly so, declares. But it cannot be assigned without also assign-- ing the judgment for possession, which is part of the, same decree, because two men cannot (at least, they cannot without consent of the debtor) own each one-half of a. judgment entitling them to two separate executions;: therefore, the judgment of possession can also be assigned. We are, therefore, of opinion that this judgment was. assignable, and that it was sufficiently assigned, and the, Circuit Court ruled correctly in admitting it to be read in evidence in this case.

2. It is said by appellants that the bond sued on is not. the bond assigned. The assignment is as follows:

" For value received, I hereby transfer, assign, and make over to H. C. Lackland and Wm. F. Broadhead, composing the firm of Lackland & Broadhead, a certain judgment in my favor, obtained in the St. Charles Circuit Court, against. Robert F. Luckett, defendant in the above named cause, at. the March term, 1872, on the — day of ——, 1872, and also all my interest in and to a certain bond filed in said cause, signed by R. F. Luckett and Wm. J. McElhiney.

" Witness my hand and seal.

"R. A. May, [l. s.]"

" Attest: J. Maher, *Clerk.*"

This was entitled, " Robert A. May, plaintiff, *v.* Robert; F. Luckett, defendant. Unlawful detainer. In the St. Charles Circuit Court. March term, 1872." It is true that this bond is not stated, in the assignment, to have been. executed by Kellar; but the bond is sufficiently described. There is no merit in this objection.

3. The court committed no error in refusing to allow the judgment against May, owned by Luckett, to be read in evidence. The suit here was upon a bond, and the damages were not liquidated. There must be a debt on the part of the plaintiff, as well as on the part of defendant, to authorize a set-off. The test is that the indebtedness for which the action is brought must be such that, if the plaintiff were sued by defendant on the set-off claimed, he could plead his cause of action in that suit as a set-off. A set-off is not admissible where the claim, on either side, is for unliquidated damages. *Brake* v. *Corning*, 19 Mo. 125. In an action against principal and sureties on an executor's bond, where various acts of misconduct were alleged as breaches, it was held that the damages to be recovered were not necessarily liquidated, and that the action was, therefore, not one in which set-off was allowed. *State, to use of, etc.* v. *Modrel*, 15 Mo. 421.

We see no error in the record for which this judgment ought to be reversed. The judgment of the Circuit Court of St. Charles county is, therefore, affirmed. Judge GANTT concurs ; Judge LEWIS, having been of counsel, did not sit.

BAKEWELL, J., delivered the opinion of the court on motion for rehearing.

This case was ably, and, as we thought, exhaustively, argued ; but counsel for appellants have filed a motion for a rehearing, and, to maintain their motion, file a written argument, in which some points are made to which the attention of this court was not heretofore called.

1. Though the judgment was assigned by May to Lackland & Broadhead before the appeal bond was given, we are of opinion that the bond was properly executed to May, as the adverse party in the suit, within the meaning of the statute. This bond was not in existence when the judgment was assigned ; the bond mentioned in the written assignment is the bond given on appeal from the justice. This

suit is upon the bond given on appeal to the Supreme Court. When the judgment was assigned to Lackland & Broadhead, there passed to them all remedies provided by law for the enforcement of that judgment, including recourse upon the appeal bond. The judgment being affirmed, the assignees of the judgment properly brought suit, in the name of the obligees of the appeal bond, to their own use.

2. We adhere to the view expressed in the opinion filed, as to the question of set-off.

3. Our attention is now, for the first time, called to the fact that judgment below was entered for a sum less than the penalty of the bond. This is an informality which could in no degree prejudice defendants, and, the judgment being for the right party, we shall not now grant a rehearing on this ground alone.

The application for a rehearing is denied. Judge GANTT concurs; Judge LEWIS did not sit.