Crum v. Stanley.

## LEWIS V. CRUM v. ANDREW J. STANLEY.

### FILED JUNE 9, 1898. No. 8149.

1. **Assignment of Judgment: ACCEPTANCE: ESTOPPEL.** A party who, upon a consideration acknowledged therein, had caused to be prepared and had subscribed a written instrument assigning all his interest in a judgment which he held and which had been appealed from, and had caused such assignment to be filed in the action wherein the appeal had been taken, cannot be heard to urge in argument, to sustain his own right of recovery on the appeal bond in another action, that the assignment was incomplete for the reason that, affirmatively, no acceptance by the assignee of the assignment had been proved.

2. **Actions: PARTIES.** The assignee of a chose in action is the proper and only party who can maintain an action thereon.

ERROR from the district court of Douglas county. Tried below before BLAIR, J. *Reversed.*

*Winfield S. Strawn,* for plaintiff in error.

*Arthur C. Wakeley, contra.*

RYAN, C.

This action was brought upon an appeal bond which had been given in an action of replevin, on which bond the makers had become liable by reason of a judgment against appellant. In this case there was judgment in favor of the obligee named in said bond. The errors complained of are presented in argument on special findings of fact. One of these findings was to the effect that while said appeal was pending, and before this suit was brought, Andrew J. Stanley, the obligee in the appeal bond, had had prepared by his attorney an instrument in writing, which he signed and which was duly filed, and is of record in the cause wherein it was given. This instrument was as follows:

"OMAHA, NEBRASKA, March 31, 1893.

"For value received I hereby assign, transfer, and set over to S. G. Johnson all my right, title, and interest in

and to a certain judgment recovered by me against Bates & Co. on or about May 10, 1892, in the county court of Douglas county, said judgment being for the principal sum of seven hundred dollars ($700), and the said cause in which judgment was obtained being appealed by the said Bates & Co. to the district court of Douglas county, and the said case being now pending in the said district court. This assignment is made subject to an attorney's lien of A. C. Wakeley in the sum of two hundred ($200) dollars for services rendered and to be rendered in said suit in said district court and in the supreme court, if the case is taken there.          A. J. STANLEY."

Plaintiff in error contends that after having signed and caused to be filed in the case, with the appeal bond, the above subscribed instrument, the obligee had no further interest therein and consequently had no standing to sue for the amount for which judgment was subsequently recovered in the appeal case. It is urged by the defendant in error that as there was no finding that the assignment was accepted, there was no delivery; hence the assignee was vested with no title. This might be a pertinent consideration if the suit was being prosecuted by the assignee. But it is not. The assignor caused the instrument to be prepared, signed it, and filed it in the case wherein the appeal bond had been given. It is he who now seeks to avail himself of the failure of the finding to show an acceptance of the assignment by the assignee. This assignor, by filing the assignment as he did, left it optional with the assignee to avail himself of its benefits, if he so elected. The contract itself recited that it was made for value received, and in the absence of any showing whatever we are not to believe that this was false. If there was a consideration for the assignment, then it was not optional with the assignor, at his election, to withdraw or ignore it. He was therefore in the position of one who brings an action upon an instrument after having parted with all interest therein by an assignment thereof to a third party. In

*Pilger v. Marder,* 55 Neb. 113 it was held that in replevin, where there are two or more defendants and the property has been taken under the writ and delivered to plaintiff after the execution by sureties of the prescribed replevin undertaking, if, by the judgment, the entire property is awarded to one defendant, the rights thus accorded may be enforced in an action by such defendant alone, without a joinder of other parties named as obligees in the undertaking. This was on the principle that every action is required by our Code of Civil Procedure to be prosecuted in the name of the real party in interest. Controlled by section 29 of the Code of Civil Procedure above referred to, it was held by this court in *Mills v. Murry,* 1 Neb. 327, that the assignee of a chose in action is the proper and only party who can maintain a suit thereon. As the assignment was pleaded as a defense and established by the evidence, the defendant in error had no interest in the right of action sued upon; hence the judgment in his favor is reversed.

REVERSED AND REMANDED.