A. T. SCHROEDER, Respondent, v. MILANDO PRATT, ORTHERUS P. PRATT, VALTON M. PRATT, NANCY ELIZABETH R. PRATT, EMMA L. PRATT, AND BENJAMIN W. DRIGGS, JR., Appellants.

Assignment of Judgment — Under Sec. 2920, R. S. 1898 — No Abatement of Action — Service of Notice of Appeal — On Whom Made — Appeal — Equity Case — Power of Appellate Court — Sec. 9, Art. 8, Const.— When Findings of Lower Court Not Disturbed.— Fraudulent Transaction — Status of Parties Connected Therewith.

*Assignment of Judgment — Under Sec. 2920, R. S. 1898 — No Abatement of Action — Service of Notice of Appeal — On Whom Made.*

An assignment of judgment, under the provisions of Sec. 2920, R. S. 1898, does not abate the action, but the same may be carried on in the name of the original party, or the court may allow substitution of the transferee, but until substitution has actually been made a notice of appeal may be served on the judgment creditor.

*Appeal — Equity Case — Power of Appellate Court — Sec. 9, Art. 8, Const.— When Findings of Lower Court Not Disturbed.*

An appeal in an equity case, under the provisions of Art. 8, Sec. 9, Const., brings up questions of both law and fact for review, and the appellate court may render such judgment and decree, and enter such findings as, in their judgment, the evidence may justify; but where excluded testimony was admissible, and is incorporated in the bill of exceptions, yet if by including it and giving it its full force it does not clearly appear that the evidence is insufficient to support the findings, they will not be disturbed.

*Fraudulent Transaction — Status of Parties Connected Therewith.*

In a transaction tainted with fraud as between the parties to it,
a court should not aid either, but should leave them in the
position in which they have placed themselves.

( Decided March 9, 1900.)

Appeal from the Second District Court, Weber County,
Hon. H. H. Rolapp, *Judge.*

Action to set aside the mortgage and note on the ground
that it was made without consideration and for the pur-
pose of hindering and delaying creditors, and especially
respondent. From a judgment for plaintiff, defendant ap-
pealed. Modified.

*Messrs. Young & Moyle,* for appellants.

" The payment of a judgment may be proven by parol
evidence, by separate written receipt, or by a receipt upon
the record of the court." *Hollenbeck* v. *Stanberry*, 38
Ia., 325; Black on Judgments, Vol. II, Sec. 990. Green-
leaf on Evidence, 14th ed., Vol. I, Sec. 302. Judgments
are conclusive only as to all matters directly in issue
and passed upon by the court. Greenleaf on Evidence,
14th ed., Vol. I, Sec. 528.

The court erred in finding and decreeing that the note
and mortgage in question was fraudulent and void, and
given with the intention of hindering and delaying cred-
itors, and also in enforcing the provisions of the note
and mortgage and granting foreclosure. If the trans-
action was fraudulent, surely this or any other court ought
not to lend its aid to the enforcement of a fraudulent con-
tract or agreement. In all such cases the court will leave
the parties to any fraudulent transaction as they find them,

and " *in pari delicto potior est conditio defendentis.*"
*Miller* v. *Marckle*, 21 Ill., 151; Bump on Fraudulent Conveyances, 4th ed., Secs. 434-5, 444, 485; Wait on Fraudulent Conveyances, 2d ed., Sec. 401; *Wearse* v. *Pierce*, 41 Mass., 141.

Respondent is bound by the evidence of his own witnesses, he can not say they are not worthy of belief. *Paxton* v. *Boyce*, 1 Tex., 317; *Hunt* v. *Hoover*, 34 Ia., 77; 1 Greenleaf on Evidence, Sec. 442; 1 Rice on Evidence, Sec. 285.

And the same rule applies when the evidence is brought out on cross-examination of his witnesses.     1 Rice on Evidence, Sec. 285.

A verbal sale, although within the statute of frauds, is sufficient consideration for the giving of notes or the conveyances of property by a judgment debtor as against all creditors.     *Stowell* v. *Hazlet & Co.*, 57 N. Y., 637; *Brookville Nat. Bank* v. *Kimball*, 76 Ind., 195; *Patterson, et al.,* v. *McKenney, et al.,* 97 Ill., 41, 50, 51; *Livermore* v. *Northrup*, 44 N. Y., 107; *Hunt* v. *Hoover*, 34 Ia., 77; *Keen, et al.,* v. *Kleckner*, 42 Pa. St., 529; Bump on Fraudulent Conveyances, Sec. 202, note 7.

Security given on an outlawed claim is good as against creditors. *Updike* v. *Titus*, 13 N. J. Eq., 151; *Keen, et al.,* v. *Kleckner, supra*; *Shearon* v. *Henderson*, 38 Tex., 246; *French* v. *Motley*, 63 Me., 326; *Manchester* v. *Tibbetts*, 121 N. Y., 219.

Security given by a debtor is not fraudulent because it secures "an old debt which was discharged under the insolvent laws; for the moral obligation to pay such debt remains, notwithstanding the discharge, and is sufficient consideration to support a promise to pay." *Wilson, et al.,* v. *Russell, et al.,* 13 Md., 494, syllabus 2; Bump on Fraudulent Conveyances, Sec. 203.

Inadequacy of price is not evidence of fraud, excepting when the inadequacy is so great as to shock the moral sense. Wait on Fraudulent Conveyances, 2d ed., Sec. 232 and Sec. 6; *Edmonds* v. *Termehr*, 60 Ia., 92; *Hunt* v. *Hoover*, 34 Ia., 77; *Jaeger* v. *Kelley*, 52 N. Y., 274; *Jamieson* v. *King*, 50 Cal., 132; *Mc Faden* v. *Mitchell*, 54 Cal., 625.

And if any other construction can be put upon the facts than fraud, such construction should be given. Wait on Fraudulent Conveyances, 2d ed., Sec. 6 and cases cited; *Paxton* v. *Boyce*, 1 Tex., 317; *Clemens* v. *Bullhart*, 17 Neb., 337.

If an honest motive can be imputed, such is preferred. Wait on Fraudulent Conveyances, Sec. 6; *Ensign* v. *Fisher*, 14 Utah, 477.

And the burden of proving fraud is upon him who alleges it, respondent. Wait on Fraudulent Conveyances, Sec. 6.

There was no evidence of fraud attempted to be introduced, and the court will not presume fraud, and a nonsuit should have been allowed. *Ensign* v. *Fisher, supra.*

*P. J. Daly, Esq.,* for respondent.

"One is insolvent though his assets in value exceed the amount of his liabilities when he is unable to pay his debts as they become due from his own means." *In re* Ramazzine, 110 Cal., 488; 48 Pac., 970; *Morey* v. *Milliken*, 30 Abb. 102. *Clark* v. *Mott*, 33 Pac. 884. *Laughan* v. *Laniter*, 26 S. W. 255.

"A man may be considered insolvent as matter of law, where he has concealed his property, though in point of fact he may be perfectly solvent." 2 Bigelow on Fraud, p. 195.

" Fraud is a fact, inferred, like other conclusions of fact, from the evidence; no rule of law can, therefore, be laid down as to the amount of inadequacy necessary to produce the resulting fraud.   Inadequacy of consideration may be evidence of fraud, slight or powerful, according to its amount, and other circumstances.   When it is satisfactory and decisive evidence — when from the proof of inadequacy the court or jury are convinced that fraud, as a fact, did exist — then the relief is granted."   2 Pomeroy's Eq. Juris., page 1318.

It would, however, appear to be right on the current of authority, to say that creditors may complain of inadequacy when a party to the sale or contract can not."  2 Bigelow on Frauds, p. 505.

The case was regularly tried before a Court of Chancery, and facts were clearly and fully found upon every issue.

Under such circumstances —.

" The Appellate Court will not disturb such findings unless they are so manifestly erroneous as to demonstrate some oversight or mistake which materially affects the substantial rights of the appellant."  *Mc Kay* v. *Farr*, 15 Utah, 261; *Stuhn* v. *Hall*, 10 Utah, 400; *Mining Co.* v. *Haws*, 7 Utah, 515; *Dooly Block* v. *Transit Co.*, 9 Utah, 31; *Whitesides* v. *Green*, 13 Utah, 341.

Baskin, J.

A motion to dismiss the appeal is made on the grounds that the judgment herein was assigned in writing to P. J. Daly and Frank B. Stephens, and that the assignment was filed in the office of the clerk of the court below prior to the service of the notice of appeal on the respondent, A. T. Schroeder, and that no notice of appeal was served on the assignees of said judgment.

Such an assignment, under the provisions of Sec. 2920 of the Revised Statutes does not abate the action, but the same may be carried on in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action.

It does not appear that the appellants had actual notice of the assignment, and no substitution of parties has been made. Until the assignees are substituted as parties in place of A. T. Schroeder, he is the person upon whom notice in the case should be served. The motion to dismiss is overruled.

It is alleged in the complaint by the plaintiff, who is the respondent, "that on February 19, 1891, defendants Milando Pratt, O. P. Pratt, and B. W. Driggs, Jr., executed in favor of William H. Lincoln, a promissory note for $1,500. That afterward the note was assigned to plaintiff, and on or about July 19, 1893, plaintiff commenced an action in the Third District Court against defendants Milando Pratt, O. P. Pratt, and B. W. Driggs, Jr., and afterward in said action, on August 2, 1893, judgment was rendered in favor of plaintiff and against defendants for $1,794.90 and costs and interest.

That each of said judgment debtors is and at all times since the 18th day of February, 1891, has been wholly insolvent. That on the 19th day of December, 1894, execution was issued on said judgment, and the United States Marshal levied upon all the title of said judgment debtors in and to the following premises: The northwest quarter of section 32, township 2 North, Range 1 East, Salt Lake Meridian, in Davis Co., Utah.

That defendant Nancy Elizabeth R. Pratt is the wife of defendant Milando Pratt, and defendant Emma L. Pratt is the wife of defendant O. P. Pratt.

That on the 30th day of September, 1891, defendants

Milando Pratt and Nancy Elizabeth R. Pratt, did, without consideration, and with intent to hinder, delay and defraud the creditors of Milando Pratt, including plaintiff, make, execute, and deliver to defendant Valton M. Pratt a certain note for the sum of $2,000, dated on said date, and secured by a mortgage on an undivided one-third interest in the real estate hereinbefore described. That said mortgage above referred to was duly recorded in the office of the County Recorder of Davis County, Utah Territory, on the 23d day of November, 1891, in Book "F" of Mortgages, page 23.

The complaint prays that said mortgage be set aside and declared fraudulent, null, and void as against plaintiff.

The answer denies the alleged insolvency and the want of consideration of said note and mortgage, or that they were made to defraud the creditors of either the said Milando Pratt or Nancy Elizabeth R. Pratt, and by way of cross complaint the mortgagee, Valton M. Pratt, sets up said note and mortgage and prays for the foreclosure of the mortgage and for judgment in favor of Valton M. Pratt and against Milando Pratt and Nancy Elizabeth R. Pratt, for $2,000 principal and $785 interest, costs, attorneys' fee, etc., and that levy of plaintiff be declared secondary to the interest of defendant Valton M. Pratt.

Plaintiff's answer to the cross complaint denied any consideration for the said $2,000 note, and denies the good faith of the transaction, and sets forth by way of answer the facts as alleged in his original complaint.

The trial court found that "defendants Milando and O. P. Pratt and B. W. Driggs, Jr., made in favor of Lincoln the $1,500 note mentioned, and that afterward it was assigned for value to plaintiff, and that suit was brought on the note by the plaintiff July 19, 1893, and judgment procured on August 2, 1893, for the sum of

$1,794, and costs, and that the judgment has not been paid.

That said judgment debtors, and each of them, were on the 30th day of November, 1891, insolvent; that on December 18, 1894, an execution was issued on the judgment to the United States Marshal, and on December 28, 1894, he levied on all the interests of said judgment debtors in the following property: The northwest quarter of Section 32, Township 2 North, Range 1 East, Salt Lake Meridian, Davis Co., Utah.

That on the 30th day of September, 1891, defendants Milando Pratt and Nancy Elizabeth R. Pratt, in collusion with defendant Valton M. Pratt, did, without consideration, and with intent to hinder, delay, and defraud the creditors of Milando Pratt, and this plaintiff, execute and deliver a certain note for the sum of $2,000, dated on said date, and secured by a mortgage on an undivided one-third interest in the real estate described in the complaint.

As conclusions of the law the court found that said mortgage, as against the plaintiff, is fraudulent, but valid as between the parties thereto, and adjudged and decreed " that defendant Valton M. Pratt have judgment against Milando Pratt and Nancy Elizabeth R. Pratt for $2,785, principal and interest on said note, and $100 attorney's fees.

That the premises described in said mortgage and in plaintiff's complaint should be sold by the sheriff of Davis County, and the proceeds applied:

1. In the payment of the expenses of said sale.

2. To the payment of the judgment in full, with costs, in favor of plaintiff against defendants Milando and O. P. Pratt and B. W. Driggs, Jr.

3. To the payment of the costs in this suit.

4. To the payment of the judgment of Valton M. Pratt

against Milando Pratt and Nancy Elizabeth R. Pratt of $2,785 on the note and mortgage in question, with costs, and in case there was not sufficient to pay the whole, that judgment be had for the deficiency.''

Baskin, J., after stating the facts, delivered the opinion of the court.

It is urged by appellants that the evidence is insufficient to justify the findings and decree, and that the court erred in striking out certain testimony adduced by appellants, and in refusing to admit certain testimony offered by appellants.

The testimony stricken out and that offered and refused is fully set out in the bill of exceptions. In such cases, on an appeal from a decree rendered in an action in chancery, the appellate court in reviewing the decree will, if such testimony was admissible, consider it as part of the evidence in the case, and give to it the proper weight, notwithstanding it was excluded by the trial court.

In Section 9, Article 8, of the constitution of this State, which grants the right of appeal, it is provided that ''In equity cases the appeal may be on questions of both law and fact; in cases at law the appeal shall be on questions of law alone.''

Under the foregoing provision of the constitution this court held in the case of *Clawson* v. *Wallace, et al.*, 16 Utah, 300, that '' an appeal in equity cases brings up both questions of law and fact for review, and the appellate court may render such judgment and decree, and enter such findings as, in their judgment, the evidence may justify.''

In the case of *Sidney Stevens Implement Co.* v. *South Ogden Land, Building & Improvement Co.*, 20 Utah, 267; 58 Pac. Rep., 843, this court held, '' Although the supreme

court has power under Sec. 9, Art. 8, of the constitution, to review the facts in an equity case, unless the evidence is clearly insufficient to sustain the findings they will not be disturbed."

See also *North Point C. I. Co.* v. *Utah & S. L. Canal Co.*, 16 Utah, 246; *Mc Kay* v. *Farr*, 15 Utah, 261.

The appeal in the case at bar is upon both questions of law and fact.

If it be conceded that the excluded testimony was admissible, yet its exclusion is not reversible error for the reason that if we should treat it as a part of the evidence in the case, and give to it its full force, it would not then appear that the evidence is clearly insufficient to sustain the findings; therefore, under the authority of the decisions of this court, before referred to, the findings of fact should not be disturbed.

The appellants also object to the decree on the ground that, as the court found that the note and mortgage were fraudulent, the parties to the fraudulent transaction should have been left in *status quo*.

In their brief on this question, their counsel say, "If the transaction was fraudulent, surely this or any court ought not to lend its aid to the enforcement of a fraudulent contract or agreement. In all such cases the court will leave the parties to any fraudulent transaction as they find them, and '*in pari delicto potior est conditio defendentis.*'" *Miller* v. *Marckle*, 21 Ill., 151; *Wearse* v. *Pierce*, 24 Pick., 141.

In the first of the cases last cited it is held that "it is erroneous to decree the foreclosure of a mortgage, alleged to have been executed in fraud of creditors, where no consideration was advanced by the mortgagee. Where a transaction is tainted with fraud, as between the parties to it, a court will not assist either, but will

leave them in the position in which they have placed themselves."

In the last case cited, it is held that "In an action brought by the administrator of a mortgagee against a mortgagor to recover possession of land mortgaged to secure the payment of a promissory note, it is a good defense that the note was given without consideration; and the demandant can not rebut such defense, either by direct evidence showing that the note was also given with a view to defraud the creditors of the mortgagors, or by arguing to the jury, from other evidence in the case, that it was so given."

While in this case both the mortgagors and mortgagee in their answer deny the want of consideration, and the fraud, and the trial court having found both the want of consideration and fraud, and the parties to the mortgage having, through their counsel, objected to having their status, as to each other, disturbed, we think the decree should be modified so as to grant only the relief prayed for in the complaint, thereby leaving the respondent free to enforce his personal judgment and lien on the real estate described in the complaint by execution.

It is ordered that the case be remanded with directions to the court below to modify the decree in accordance with this opinion, and that the appellants pay the costs.

Miner, J., concurs.

Bartch, C. J., concurs in the judgment.