Meriwether v. Joy.

MINOR MERIWETHER et al., Respondents, v. EDWARD
JOY, Appellant.

**St. Louis Court of Appeals, November 20, 1900.**

1. **Practice, Trial:** PARTIES, DEFECT OF: DEMURRER: PRO-
CEDURE: PETITION. Defect of parties appearing on the face of
the petition must be taken advantage of by demurrer.

2. **Injunction:** ERECTION OF BUILDING: DEED, RESTRICTION
IN. An injunction will lie against a grantee who attempts to erect
a building contrary to the restrictions contained in his deed, al-
though the deed does not in terms refer to a general plan for a
uniform building line, but the nature of the restrictions in the deed
is such that under the circumstances of the case it is referable to
such a plan.

Appeal from the St. Louis City Circuit Court.—*Hon.
Franklin Ferris,* Judge.

AFFIRMED (*with directions*),

*Theo. H. Culver* for appellant.

(1) The petition does not state a cause of action, nor
does the evidence show any failure to comply with the con-
ditions named in the deed. The restriction in question is:
"No building shall be erected within thirty feet of the north
line of Morgan street." The petition and evidence show
but a very small part of a building was erected on the
restricted ground. The petition is loose and uncertain. 2
High on Injunctions, sec. 1137; Hutchinson et al. v. Ulrich,
145 Ill. 336; 155 Ill. 335. (2) As the defendant, Minor
Meriwether, had no property on Morgan street after the exe-

cution of said deed to Joy, he can not be affected or injured by a violation of the restriction clause, and can have no foundation upon which to base this suit of injunction. Coughlin v. Barker, 46 Mo. App. 63; Dana v. Wentworth, 111 Mass. 291; Jones on Real Property, 774; Master v. Hansard, 4 Chancery Division, 718. (3) The grandchildren of plaintiff, Minor Meriwether, were not parties to said deed to Joy and acquired no rights by reason of said deed. They were strangers to the deed and neither they nor their property is mentioned in it and they can not maintain injunction. Tibbetts v. Tibbetts, 66 N. H. 360 (20 Alt. 979); Badger v. Bordman, 16 Gray 559; Postal Tel. Co. v. W. U. Tel. Co., 155 Ill. 348. (4) There was no general plan and, therefore, the injunction can not be maintained upon that theory. Jones Real Property, etc., 771; Coughlin v. Barker, 46 Mo. App. 54; Dana v. Wentworth, 111 Mass. 291.

*H. A. Loevy* for respondents.

Respondent Minor Meriwether, although he owned no property fronting on Morgan street after his conveyance to appellant, is entitled to prosecute and maintain this suit because the covenant was made directly with him and was exacted by him for the benefit of his grantees and all the other owners of property in the vicinity. Coughlin v. Barker, 46 Mo. App. 64; Washburn, Easements (4 Ed.), bottom of p. 113; pp. 117, 118; 3 Pom. Eq. Juris., sec. 1295 and note 1, p. 1966; 2 High Injunc., secs. 1158, 851; 1 Jones Real Prop., sec. 771. Parol evidence that an agreement for restriction was made before deed was executed is competent, although the agreement is not incorporated in the deed. 1 Jones Real Prop., sec. 744. Any encroachment beyond the line, even if it is only a piazza or porch or projection of a roof, is a

violation of covenant not to build. Bagnall v. Davis, 140 Mass. 76; Reardon v. Murphy, 163 Mass. 501; 1 Jones Real Prop., secs. 756, 760. The restriction imposed by respondent Minor Meriwether is in the nature of a condition or easement. "The effect of such restrictions * * * confers a right in the nature of an easement in all the lots in the tract on each person acquiring by such deeds." Hall v. Wessler, 7 Mo. App. 61; 1 Jones Real Prop., sec. 771.

BIGGS, J.—This action is prosecuted by Minor Meriwether and John T. Wallace, curator of the estates of Susie Lee Meriwether and Elizabeth Meriwether, who are minors and grandchildren of Minor Meriwether. The object of the suit is to enjoin the defendant Joy from erecting a building on a lot on Morgan street in violation of a restriction contained in his deed. Minor Meriwether conveyed the lot to him, and the deed contains the following covenant or condition, to-wit: "No building shall be erected within *thirty feet* of the north line of Morgan street; no livery, sale or boarding stable, blacksmith shop or horseshoeing shop shall be erected on the lot herein conveyed; no dramshop, liquor saloon or gambling room shall be erected on the lot herein conveyed, and no business of the character above indicated or other nuisance shall be conducted, carried on or maintained thereon or therein. These conditions are absolute and imperative." This conveyance was made in December, 1898. In addition to this lot (which had a frontage of sixty-seven feet on Morgan street), Mr. Meriwether at one time owned the ground adjoining it on the east and extending along Morgan street a distance of one hundred and ten feet. On fifty-three feet of this ground immediately adjacent to that subsequently sold to defendant, Meriwether built a house, which was located in conformity to the building line prescribed in de-

fendant's deed.    Before the sale to Joy, Meriwether conveyed (without restrictions) this house and lot to his aforesaid grandchildren, and subsequently he sold the eastern portion of the lot containing fifty-seven feet to one Sprague. The condition as to the building line was inserted in the deed to Sprague. ، The latter built a house on his lot in accordance with the condition in his deed.    After the sale to the defendant Mr. Meriwether owned no property fronting on Morgan street.    After his purchase the defendant commenced the erection of a building on his lot in disregard of the building line mentioned in his deed.    The house is located about fifteen feet from the north line of Morgan street.    When the excavation for the foundation was commenced Mr. Meriwether notified the defendant that in the construction of the house he must observe the conditions in his deed, which he disregarded, and when he was served with process in this action the foundation was not completed.    Notwithstanding the institution of the suit the defendant made no changes in the location of the house, but pushed the work forward to completion.    When the cause was tried in the circuit court, a mandatory injunction was issued requiring the defendant, within a specified time, to remove that portion of the building located south of the prescribed building line, and upon his failure to comply the sheriff was ordered to execute the judgment of the court.    The defendant has appealed.

It is contended that Minor Meriwether is not a proper party because it is conceded that at the time of the sale to Joy he owned no other property fronting on Morgan street. This fact disposes of the idea that the restriction was in the nature of a personal covenant in favor of Meriwether, thereby entitling him to sue for its breach.    Coughlin v. Barker, 46 Mo. App. loc. cit. 64.    But this defect of parties appeared upon the face of the petition and advantage of it should have been taken by demurrer.

To entitle the remaining plaintiffs, viz., Lucy Lee and Elizabeth Meriwether, to the equitable relief asked and granted, it must appear that there was an agreement in some form entered into between Minor Meriwether and the defendant by which the restriction in the deed in question was imposed upon the lot purchased by defendant, for the benefit of the house and lot owned by Lucy and Elizabeth. If the purchase of Lucy and Elizabeth had been subsequent to that of defendant and Sprague, the question as to the existence of such an agreement would not be difficult, for then the presumption would be strong of a general plan for a definite building line and that the restriction in defendant's deed was inserted for the purpose of securing to the property retained by Meriwether the benefit of such general plan, and that the defendant purchased with notice of this. Coughlin v. Barker, 46 Mo. App. loc. cit. 61, and authorities cited. But as Joy was the last purchaser, and as the covenants or restrictions in the previous deeds of Meriwether were not reciprocal, was there sufficient evidence to justify the conclusion that there was such an agreement, that is that Meriwether had adopted a general plan for the construction of all buildings on property formerly owned by him, and that the restriction was inserted in defendant's deed for the purpose of retaining to prior purchasers from him the benefit of such general plan, and of which defendant had notice? Meriwether testified that during the negotiations for the purchase he told Joy that the property would be sold only under the restrictions mentioned in his deed, and that the conditions were intended for the benefit of property theretofore sold by him to Sprague and his co-plaintiffs. But Joy denied that any such statements were made. His counsel now insists that evidence of previous conversations, agreements, etc., was incompetent. But the record shows that the evidence was admitted not only

without objection, but upon an express admission by counsel for defendant that it was competent. We might stop here and affirm the judgment, but to fully justify the conclusion of the chancellor, a reference to other facts and circumstances tending to establish the plaintiff's case will not be out of place.

Putting aside the testimony of Mr. Meriwether we think that the other facts in evidence are sufficient to warrant the judgment. The deed from Meriwether to Joy does not in terms refer to a general plan for a uniform building line, but the nature of the restriction in the deed is, under the circumstances, referable to such a plan. After the sale to defendant, Mr. Meriwether owned no property on Morgan street. What object could he have had in inserting the condition in the deed except to give his grandchildren and Sprague the benefit of the restriction, thereby preventing the defendant from constructing a building on his lot so as to obstruct the view from their houses east and west along Morgan street? This was evidently his purpose, and the attending circumstances were sufficient to advise the defendant of it, for the deed from Meriwether to Sprague (of which defendant is presumed to have had notice), contained like conditions; the houses built by Meriwether and Sprague were located substantially on the prescribed line, and in the erection of all houses on that side of Morgan street for some distance east and west, this building line had been observed.

We therefore conclude that the judgment of the circuit court must be affirmed, and the defendant given six months from this date within which to remove the building. All concur.