VAN STEWART to use of MAGRUDER, Respondent,
v. MILES  et al., Appellants.

St. Louis Court of Appeals, March 1, 1904.

1. **PRACTICE: Parties: Real Party in Interest.** The assignee of a judgment, under code practice, should sue in his own name, as the real party in interest, in an action on the appeal bond, and not in the name of his assignor to his use.

2. ————: **Pleading: Defect of Parties: Waiver.** A defect of parties apparent on the face of the petition must be raised by demurrer. The objection that the suit is brought in the name of one not the real party in interest is waived by answer to the merits and going to trial.

3. **UNLAWFUL DETAINER: Title and Right of Possession not in Issue.** In an action for forcible entry and detainer, neither the title nor right of possession is in issue, the only question being whether there has been a forcible entry on the plaintiff's possession.

4. **RES ADJUDICATA.** In an action on an appeal bond given in a forcible entry and detainer suit, that part of the answer which set up in defense facts which might have been invoked as matters of defense to the forcible entry and detainer action, was properly stricken out on motion because already adjudicated.

Van Stewart v. Miles.

Appeal from Pike Circuit Court.—*Hon. D. H. Eby,* Judge.

AFFIRMED.

*Martin & Woolfolk* and *Pearson & Pearson* for appellants.

(1) The motion in arrest among other things challenges the right of Van Stewart to sue to the use of Magruder, when the petition shows the cause of action to have been assigned to Magruder. Lionberger v. Baker, 14 Mo. App. 353; Bank v. Bulkly, 68 Mo. App. 377; Guerney v. Moore, 131 Mo. 651. Magruder having the legal title to the judgment as assignee and he being authorized by statute (sec. 3748) to sue in his own name and there being no person expressly authorized by statute to sue (sec. 541) and the statute (sec. 540) requiring all actions to be brought in the name of the real party in interest and in the name of the person who has the apparent legal title (131 Mo. 668), the conclusion would seem logically to follow that this suit should have been brought in the name of Magruder. Bliss on Code Pleading, sec. 45; Black on Judgments, secs. 951, 952; Gay v. Orcutt, 169 Mo. 400; Benne v. Schnecko, 100 Mo. 250; State ex rel. v. Dobson, 63 Mo. 451; Bartlett v. Eddy, 49 Mo. App. 32; Furniture Co. v. Roddatz, 28 Mo. App. 210; Burns v. Bangert, 16 Mo. App. 22; Price v. Clevenger, 74 S. W. 874; Ullman v. Kline, 87 Ill. 268. This defect appears upon the face of the petition and can be reached by motion in arrest. Hutchins v. Weems, 35 Mo. 285; Needles v. Ford, 167 Mo. 495; Hart v. Harrison Wire Co., 91 Mo. 414. (2) The matter set up in the answer constitutes a good defense to the recovery of rents and profits. In an action of forcible entry the right to possession or title does not enter. The inquiry is limited

to the immediate possession of plaintiff and the forcible entry by defendant. Stone v. Malot, 7 Mo. 158; Krevet v. Meyer, 24 Mo. 107; Spalding v. Mayhall, 27 Mo. 377; Beeler v. Cardwell, 29 Mo. 72; Prewitt v. Burnett, 46 Mo. 372; Craig v. Donnelly, 29 Mo. App. 342; Greenlief v. Weakley, 39 Mo. App. 191; Merriwether v. Howe, 48 Mo. App. 148; Sitton v. Sapp, 62 Mo. App. 197; Tolbert v. Hendricks, 77 Mo. App. 272.

*J. D. Hostetter* and *Norton, Avery & Young* for respondent.

(1) The first proposition advanced by the appellants' counsel, i. e., the right of Van Stewart to maintain this cause of action to the use of George W. Magruder, the assignee, must, under the authority of a prior decision of this court in a case exactly similar, be ruled against them. Robert A. May to the use of Lackland et al. v. John A. Kellar, 1 Mo. App. 381. (2) If the facts stated in that part of appellants' answer are true and existed as appellant pleads they did exist at the time and before the trial, then, under the Kelly v. Clancy case, 15 Mo. App. 519, and the Oaks case, 46 Mo. App. 11, it was a proper matter for defense in that case at that time. Stewart v. Miles, 166 Mo. 174. (3) Estoppels by judgment are the very highest forms of estoppel; they can not be gainsaid or denied. Bunne v. Appleman, 83 Mo. App. 79; Johnson v. Real Estate Co., 167 Mo. 325.

REYBURN, J.—This action was begun in the circuit court of Lincoln county upon an appeal bond bearing date December 28, 1898, executed to Van Stewart as obligee, who sued to use of George W. Magruder, against the principal obligor and his sureties. The petition contained allegations of the recovery by Stewart of judgment in the circuit court against Miles for possession of realty described in a suit for forcible entry

and detainer, together with twenty dollars damages and ten dollars monthly rents and profits, an appeal to this court, the execution of the bond and its conditions, an affirmance of the judgment appealed from and assignment for value to Magruder of the judgment, assigning as breach its non-payment, aggregating a total exceeding four hundred dollars, the penalty of the bond for which judgment was asked. A change of venue was granted on defendant's application to the circuit court of Pike county, and defendants filed a joint answer, concluding with a general denial, but first admitting rendition of the judgment, appeal therefrom, execution of the bond and liability of the defendants thereon for amount of the judgment rendered by the circuit court of Lincoln county, to-wit, twenty dollars and costs of suit, and denying any liability on the bond for rents and profits or other damages, and averring that plaintiff Stewart was put in possession of the land, for which he brought his action of forcible entry and detainer against Miles, by plaintiff Magruder, and was a tenant of Magruder at time of the forcible entry by Miles. That before Stewart was thus put in possession Magruder had executed a deed of trust for its purchase money and while Stewart was so in possession and before trial of the suit of Stewart against Miles, the deed of trust was foreclosed and all the land sold and defendant Dewey, (a surety), became purchaser and entitled to the rents, profits and possession of such land, as against Stewart and Magruder; and defendant Miles in such suit was tenant of and put in possession of such land by Dewey, and Stewart's term as tenant of Magruder had expired before trial of the case of Stewart against Miles in the circuit court of Lincoln county. That in consequence of the fact that all right, title and interest of Magruder and his tenant in these lands had been sold and purchased by Dewey, before the trial and the further fact that Stewart's term had expired at the time, neither Stewart nor Magruder were longer en-

Van Stewart v. Miles.

titled to the possession of the lands and had no interest in the rents and profits after the trial of the cause in the circuit court of Lincoln county. On proper motion, the court struck out all the answer, except the admissions and the general denial, as constituting no defense, and from judgment for penalty of the bond, defendants by appeal have brought the case to this court.

1. The first objection to the judgment below encountered is a challenge of the right of Magruder, as assignee of the judgment, to maintain the action in the form adopted, or legal power of Stewart, assignor, to prosecute the action to the use of Magruder, his assignee. The case of May to use, etc. v. Kellar, 1 Mo. App. 381, is invoked as authority for maintaining this action in the shape, in which it was brought, and while the distinction sought to be made by appellant depreciating its application and cogency, that in the above case the judgment was assigned before the appeal bond was executed, does not lessen the consideration to which it is entitled, yet while the form of the action therein is approved in the motion for rehearing as properly brought in the name of the obligees of the appeal bond to use of the assignees, it should be observed, as appellants argue, that this point does not appear to have been made or contested. In modern procedure and under code practice, the assignee of a judgment should sue in his own name upon the appeal bond as the true party in interest, especially where the bond was executed prior to the assignment, as the assignment carries with it all demands arising on this undertaking. Apart from express statutory exceptions, of which this case is not one, it would appear inconsistent with the provisions of the code to permit one person to sue to the use of another as was formerly occasionally allowed, but the party beneficially interested should bring the action in his own name. R. S. 1899, secs. 540, 541 and 542; Pomeroy's Code Remedies (3 Ed.), secs. 134 and 138. But this defect or misjoinder of parties plaintiff was

apparent on the face of the petition, and not having been taken advantage of by demurrer, was waived by the defendants filing their answer. R. S. 1899, sec. 598; Meriwether v. Joy, 85 Mo. App. 634; Jones v. Railway, 89 Mo. App. 653.

The case of Hutchings to the use of Blackford v. Weems, 35 Mo. 285, lends some countenance to the appellant's contention that the defect of parties plaintiff could be raised by motion in arrest. It is to be observed, however, that that case originated before a justice of the peace, where the defendant could not demur. The doctrine universally followed is, that where a defect of parties plaintiff appears on the face of the petition, it must be taken advantage of by demurrer. If the above case be a precedent in appellant's favor, we must disregard it as authority, because there are later decisions of the Supreme Court directly opposed to it, and if it holds a defect of parties apparent on the face of the petition is not waived by answer and going to trial, it is out of the universal line of the law on the subject in this State and elsewhere. Reugger v. Linderberger, 53 Mo. 364; Butler v. Lawson, 72 Mo. l. c. 247; Pike v. Martindale, 91 Mo. 268; R. S. 1899, sec. 598.

In State to use of Saline county v. Sappington, 68 Mo. l. c. 457, it was held that, granting Saline county had no interest in the subject-matter of the action (which was on the bond of the county treasurer for the safekeeping of the school funds) the defect of parties was waived by defendants answering and the same question could not be raised anew in their answer.

In State to use of Wolff v. Berning, 74 Mo. l. c. 99, the same ruling was made, though it appeared that the relator was not the only party interested in the subject-matter of the action, which was upon bond of defendant as executor, and the point of the objection was that relator was not solely interested in the estate but there were other parties interested.

Even more directly in point, if possible, is Loan & Trust Co. v. Brown, 59 Mo. App. 461, in which the defendant demurred on the ground that the suit appeared on the face of the petition not to be in the name of the real party in interest, which demurrer was overruled and the defendant proceeded to trial, and subsequently assigned as error the ruling on the demurrer. In disposing of that assignment, the court said the evidence showed in fact that a man by the name of Allen was the sole beneficiary of the action and that if the plaintiff recovered anything, the fruits of the recovery would go to him; but as the defendant answered to the merits and went to trial, he could not afterwards raise the objection that the real party in interest had not been made a party plaintiff. The justice of this doctrine is the more apparent when we remember that if there had been a demurrer in the present case, the court could have stricken out Van Stewart's name and permitted the cause to proceed in the name of Magruder.

2. Nor was the ruling of the trial court erroneous in striking out, as comprehending no defense, to the action on the bond, those portions of defendant's answer above reproduced. In actions of this character neither the title nor the right of possession is in issue. In the apt language of an early case in Sitton v. Sapp, 62 Mo. App. 203, "There is no rule of law more fully and definitely settled than that, in an action of forcible entry and detainer, neither the title nor the right of the possession is in issue. The matter of right is foreign to the case. The question is merely, has there been a forcible entry on the plaintiff's possession. If there has been, the intruder must restore the possession; place the party *in statu quo* and then if he has a case, he can assert it by legal proceedings. The law does not permit him to redress his grievance with his own hand, and if he does so redress it, the law will undo the work and place the parties as they were before the entry." The allegations stricken out sought, in effect, to collaterally

impeach the judgment rendered in the forcible entry and detainer case, and relitigate the issues theretofore tried therein and passed upon by the circuit court of Lincoln county, and from the judgment in which the appeal was taken to this court. If the allegations composing the parts stricken out were founded on facts, they existed, as therein pleaded, at the time of the trial, and should have been invoked as matters of defense, if relied on, if indeed they were not in fact expressly presented as matters of defense and adjudication. Stewart v. Miles, 166 Mo. 174; s. c., 80 Mo. App. 24. As expressly held in Johnson v. Realty Co., 167 Mo. 325, "A judgment obtained in a court having jurisdiction of the parties and the subject-matter in controversy, is conclusive between the parties thereto and their privies, and can not be gone behind for the purpose of showing a state of facts which might have been a defense to the action in which the judgment was rendered." The judgment is accordingly affirmed. *Bland, P. J.,* and *Goode, J.,* concur.