[No. 14677. Department One. April 18, 1918.]

CHAUNCEY WRIGHT, *Respondent,* v. SEATTLE GROCERY COMPANY, *Appellant.*[1]

APPEAL—BOND—OBLIGEES—ASSIGNEE OF JUDGMENT. Under Rem. Code, § 193, providing that "no action shall abate by . . . the transfer of any interest therein," and allowing substitution, it is not essential to serve notice of appeal upon an assignee of a judgment, or that he be named in the bond on appeal, where he had not been substituted as a party to the action; since he was not the "prevailing" party, and his rights as an assignee are in no manner affected by the failure to name him in the bond.

Motion to dismiss an appeal from a judgment of the superior court for King county, Ronald, J., entered November 3, 1917. Denied.

*Elias A. Wright* and *Sam A. Wright,* for appellant.
*Leopold M. Stern* and *J. W. Russell,* for respondent.

WEBSTER, J.—Motion to dismiss appeal upon the ground that the assignee of the judgment appealed from, though duly served with notice of appeal, was not named as the obligee in the appeal and supersedeas bond executed pursuant to statute.

In the superior court respondent obtained a judgment against the appellant which he thereafter as-

[1]Reported in 172 Pac. 345.

signed to Prudential Surety Company, Incorporated. This assignment was filed with the clerk prior to the taking of the appeal. Although the notice of appeal was served upon both the respondent and his assignee, the latter was not named as obligee in the appeal and supersedeas bond given for the purpose of perfecting the appeal. The motion to dismiss the appeal is made by the assignee, who has not been substituted as a party to the action.

Section 193, Rem. Code, provides:

"No action shall abate by the death, marriage, or other disability of the party, or by the transfer of any interest therein, if the cause of action survive or continue; but the court may at any time, within one year thereafter, on motion, allow the action to be continued by or against his representatives or successors in interest."

In *Schroeder v. Pratt,* 21 Utah 176, 60 Pac. 512, the supreme court of Utah, considering a similar statute, said:

"A motion to dismiss the appeal is made on the grounds that the judgment herein was assigned in writing to P. J. Daly and Frank B. Stephens, and that the assignment was filed in the office of the clerk of the court below prior to the service of the notice of appeal on the respondent, A. T. Schroeder, and that no notice of appeal was served on the assignees of said judgment. Such an assignment, under the provisions of section 2920 of the Revised Statutes, does not abate the action, but the same may be carried on in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. It does not appear that the appellants had actual notice of the assignment and no substitution of parties has been made. Until the assignees are substituted as parties in place of A. T. Schroeder, he is the person upon whom notice in the case should be served. The motion to dismiss is overruled."

It necessarily follows that, if it was not essential to serve notice of appeal upon the assignee, it was not necessary that he be named in the bond. Until an order of substitution has been made, the respondent continues to be the "adverse party" within the contemplation of Rem. Code, § 1721, designating the person to whom the bond on appeal shall be executed.

Furthermore, the rights of the assignee are in nowise affected by the failure of the undertaking to name such assignee as the obligee therein, the authorities holding that the assignment of a judgment by the judgment creditor carries with it to the assignee the right to sue upon the bond running to his assignor, even though the assignment is made and filed before the bond is executed. *May v. Kellar*, 1 Mo. App. 381; *Bennett v. McGrade*, 15 Minn. 132; *Ullmann v. Kline*, 87 Ill. 268; *Knight v. Griffey*, 161 Ill. 85, 43 N. E. 727; *Wehle v. Spellman*, 75 N. Y. 585; *Stewart v. Miles*, 105 Mo. App. 242, 79 S. W. 988; *Crum v. Stanley*, 55 Neb. 351, 75 N. W. 851.

In *May v. Kellar, supra*, Bakewell, J., delivering the opinion of the court on motion for rehearing, said:

"Though the judgment was assigned by May to Lackland & Broadhead before the appeal bond was given, we are of opinion that the bond was properly executed to May as the adverse party in the suit, within the meaning of the statute. . . . When the judgment was assigned to Lackland & Broadhead, there passed to them all remedies provided by law for the enforcement of that judgment, including recourse upon the appeal bond."

In *Bennett v. McGrade, supra*, the supreme court of Minnesota said:

"After the commencement of the original action against McGrade, Williams, the plaintiff therein, assigned the property and claim for the recovery of which the action was brought, to Bennett. Bennett

therefore became the real owner, and although the proceedings were continued in the name of Williams, they were for Bennett's interest; the bond for the appeal, being one of the subsequent proceedings, although taken in the name of Williams, was for the use of Bennett.''

The motion to dismiss the appeal is denied.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.