CHARLES H. SEDGWICK *et al.*

*v.*

SAMUEL R. JOHNSON *et al.*

*Filed at Ottawa September 24, 1883.*

1. PARTY—*equitable assignee of note secured by mortgage may foreclose.* Where a party makes notes payable to his own order, secured by mortgage on real estate, and delivers the same to his surety upon another obligation, as indemnity against loss by reason of the suretyship, without indorsement, the surety having been compelled to pay as such, may maintain a bill to foreclose the mortgage given by the maker, without the correction of any mistake growing out of a failure to indorse the notes. An equitable assignment of a note secured by mortgage will authorize the assignee to foreclose the mortgage.

2. APPEAL—*whether more than $1000 is involved.* A person gave his sureties on his official bond, as indemnity, his two notes, one for $1000 and the other for $1500, secured by mortgage on real estate. The sureties having been compelled to pay money for him on his bond, and being sued in another suit on the bond, and threatened with others, filed their bill to foreclose the mortgage, making a prior mortgagee a party. The court found the sums due on both mortgages at their face, and ordered sale of the premises for over $3000, out of which was to be paid the prior mortgage (about $600) and the complainants $274.35, then due them, and ordered the balance of the proceeds of sale to be brought into court, to abide its further order in case of any further payments by the complainants. This decree was affirmed by the Appellate Court, and the mortgagor appealed to this court: *Held,* that the amount actually involved in the suit was the $600, to be paid on the prior mortgage, together with the $274.35 to reimburse the complainants, which aggregate less than $1000, so the appeal would not lie.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county.

Mr. CONSIDER H. WILLETT, for the appellants.

Mr. C. F. WHITE, for the appellees.

Mr. Justice Scott delivered the opinion of the Court:

The bill in this case was brought to foreclose a mortgage given by Charles H. Sedgwick to the sureties on his official bond as county judge of Douglas county, in the State of Nebraska, to save them harmless as such sureties. On the appeal of the mortgagor and Marcia F. Sedgwick, the decree rendered by the Superior Court foreclosing the mortgage for the sum found to be due, was affirmed in the Appellate Court for the First District, and the case is brought to this court on their further appeal. A motion is now made to dismiss the appeal, for the reason this court has no jurisdiction to hear and determine the cause, because the amount in controversy, as appears from the record and the decree rendered in the Superior Court, is less than $1000, exclusive of costs. It is thought the motion to dismiss the appeal should be allowed. The principal facts of the case may be shortly stated. On the 12th day of October, 1875, Charles H. Sedgwick was elected county judge of Douglas county, in the State of Nebraska, and on the 5th day of January, 1876, he executed his official bond, with complainants in this bill as his sureties on such bond. Afterwards, on the 9th day of April, 1878, Sedgwick executed his two promissory notes, one for $1000 and the other for $1500, each payable to his own order three months after date, with interest at the rate of twelve per cent per annum. Both notes contained a provision that if the notes were not paid at maturity, and an action should be commenced thereon, a reasonable attorney's fee, not exceeding ten per cent on the amount due, should be allowed by the court and included in the judgment. At the same time Sedgwick made a mortgage to the sureties on his official bond, on lands situated in Cook county, in this State, to secure the promissory notes mentioned, and delivered both the notes and mortgage to the mortgagees.

In a suit brought by D. M. Osborn & Co., against Sedgwick and his sureties on his official bond, plaintiffs recovered a judgment against the sureties for $97, and costs of suit. Although made a party, Sedgwick was not served with process, and no judgment was rendered against him with the sureties. That judgment the sureties afterwards paid, with an attorney's fee of $50, and thereupon they brought this bill to foreclose the mortgage for the amount they allege they had paid as the sureties of Sedgwick. It is claimed that by mistake defendant omitted to indorse the notes before he delivered them to complainants, and that mistake they ask, by their bill, to have corrected. It was a matter of no consequence whether defendant indorsed the notes or not. The delivery of them to complainants was an equitable assignment of the notes, and that would enable complainants to commence and prosecute a suit to foreclose the mortgage securing the same, in their own names. A party holding a prior mortgage was made a defendant to the bill, and it was decreed the sum due him was a prior lien on the mortgaged premises, and should be first paid. As to that part of the decree neither party makes any complaint.

Defendant answered the bill, and then filed a cross-bill, in which he alleged the recording of the mortgage was fraudulent; that there was no indebtedness then or now existing between the parties, and asked to have the mortgage cancelled, and discharged of record. Replications were filed to the answers to the original and cross-bills, and the cause was heard on the issues made by the pleadings. The court found the sum due the prior mortgagee to be $353, and $50 on account of reasonable attorney's fees, and also found that there was due on the notes $3937.50; that such promissory notes, and the mortgage securing the same, were executed and delivered to complainants as sureties on the official bond of defendant, and decreed the payment of the sum of $174.35 in full of the sum paid by them on the judgment

against complainants, as sureties for defendant, together with costs and attorney's fees; and also the further sum of $100 as a reasonable attorney's fee in this cause. The court also further found there is now pending in the District Court of Douglas county, in Nebraska, another suit against the sureties of defendant on his official bond, and that complainants are threatened with further liability. By the decree it was provided when the amounts found to be due the prior mortgagee and complainants, shall be paid, the cause should stand continued, with leave to the original complainants to suggest further damages to which they may be subjected as sureties on the official bond of defendant. In case default should be made in payment of the sum found due to the prior mortgagee, ($403,) and the sum found due to complainants, ($274.35,) it was decreed the entire premises should be sold to realize the amount due the prior mortgagee, and such further property sold until the amount realized would be $3957.50, and out of the latter sum the amount due complainants ($274.35) should be paid, and the balance brought into court.

It is quite obvious from this statement of the facts of the case, the only contention between the parties was whether there was anything due to complainants from the defendants for money paid by them as his sureties on his official bond. All that complainants claimed by their bill or the proofs in the case, was the amount of a judgment for about $97, with costs and attorney's fees,—making, in all, the sum of $274.35. On the other hand, defendant, by his cross-bill, insisted there was nothing due to complainants, and asked to have the mortgage cancelled, and discharged of record. That was the only issue made either by the pleadings or the testimony. Defendant, by payment of the sums found due to the prior mortgagee and to complainants, the aggregate of which sums is much less than $1000, could relieve his property from sale. It is not now definitely known that there will ever be any further liability on complainants

as sureties for defendant. No other sum than that now found due to complainants is now in controversy, and the fact the cause is to stand continued for the future security of complainants makes no difference. Whether complainants shall be subjected to further liability as sureties on defendant's official bond, depends on contingencies that may never happen. It is certain there is now no other controversy between the parties, and may never be. The statute, in cases like the one being considered, only gives an appeal or writ of error "where the sum or value in controversy exceeds $1000, exclusive of costs." No sum or value to that extent is involved in this suit, and an appeal will not lie. *Umlauf* v. *Umlauf*, 103 Ill. 654; *Piper* v. *Jacobson*, 98 id. 389; *Hutchinson* v. *Howe*, 100 id. 11.

The appeal must be dismissed, which is done.

*Appeal dismissed.*